JOHN W. PEARSON, APPELLANT V. E. T. HELVENSTON AND
SARAH HARMAN, APPELLEES.

1.  The refusal of an application for confirmation of a sale of
    real estate made pursuant to a foreclosure decree cannot
    be the basis for an assignment of error where it appears
    that shortly after such refusal the court made an order of
    confirmation, not appealed from, and no injury to appel-
    lant is shown.

2.  A tax title claimed to be adverse and paramount to  the
    rights of both mortgagor and mortgagee is not a proper
    subject of adjudication in a suit to foreclose a mortgage
    on real estate.

3.  Where the language of a decree is open to more than one in-
    terpretation it should be interpreted so as to make it cor-
    rect and proper with reference to the pleadings and pro-

    ceedings in the case.

4.  Where a decree of foreclosure of a mortgage on real estate
    contains a provision "that in the event said property is
    sold that the said defendants H. S. and E. T. H. and all
    persons claiming by, under or through them since the re-
    cording of the said mortgage be and  they are  forever
    barred and foreclosed of all rights and equity of redemp-
    tion in and to said property or any part thereof," is not
    necessarily an adjudication of a tax  title set up in  the
    answer of one of the defendants; but it is held to be an
    adjudication affecting only the "rights and equity of  re-
    demption" under the mortgage.

This case was decided by Division A.

Appeal from Circuit Court for Marion County.

The facts in the  case are stated in the  opinion of  the
Court.

*H. L. Anderson,* for Appellant.

*Carlos L. Sistrunk,* for Appellees.

WHITFIELD, J.   John R. Martin filed a bill in the Circuit Court for Marion county against Henry E. Schoeflin and E. T. Helvenston to foreclose a mortgage on certain real estate to secure the payment of a promissory note alleged to have been executed by said Henry E. Schoefln to John W. Pearson, which note and mortgage are alleged to have been assigned by Pearson to one John Y. Bettys and by Bettys assigned to said John R. Martin. The bill alleges that in June, 1900, subsequent to the execution and record of the mortgage Henry E. Schoeflin executed a deed of conveyance of the same land to E. T. Helvenston, and that the claim of Helvenston is inferior to the mortgage sought to be foreclosed. Helvenston answered denying that his claim and title to the land is subject to the mortgage lien, and averring that his claim of title to and possession of the land is based upon tax deeds specifically referred to in the answer under which he entered upon actual adverse possession of the land in May, 1900. He further admits that he procured the deed of conveyance from Schoeflin and wife, but denies that he claims the title to and possession of the land under and by virtue of said deed of conveyance from Schoeflin and wife, and avers that he procured the same for the purpose of divesting said Schoeflin and wife of all interest that they might have, or thereafter claim, in said property, and avers that he was in actual adverse possession of the property long before Schoeflin and wife executed the deed to him. A replication was filed and testimony was taken by an examiner. A decree of foreclosure was entered in which

it is decreed "that in the event said property is sold that the said defendants Henry E. Schoeflin and E. T. Helvenston and all persons claiming by, under or through them since the recording of the said mortgage be and they are forever barred and foreclosed of all rights and equity of redemption in and to said property or any part thereof." The property was sold pursuant to the foreclosure decree and was bid in at the sale by the complainant J. R. Martin who transferred his bid to John W. Pearson. An application by John W. Pearson for a confirmation of the sale and for a writ of assistance against E. T. Helvenston was denied on April 11th, 1905, but on May 20th, 1905, the sale was confirmed and the special master was ordered to make a deed of conveyance of the land to John W. Pearson the assignee of the purchaser at the sale. On May 27th, 1905, John W. Pearson presented to the court a petition for a writ of assistance upon which the following order was made: "The petition of John W. Pearson, who purchased the mortgaged premises sold under decree in above styled cause, praying a writ of assistance to be put into possession of the said property coming on to be heard this day, and it appearing that notice of the application was given to Edwin Helvenston and one Sarah Harman, alleged to be the tenant of said Helvenston, and the court being advised in the premises, whereupon it is ordered and decreed, that said petition be and the same is hereby denied and dismissed. The record showing that E. T. Helvenston entered possession of the mortgaged premises and continued in such possession under and by virtue of an original source of title independent of the complainant's and not claiming under him such original title, said original title being tax deed from the State of Florida, and there being no adjudication of this title, the writ of assistance is refused. Done at Chambers in

Ocala, Florida, May 27, 1905. W. S. Bullock, Judge."
From this order denying a writ of assistance and from the
order of April 11th, 1905, denying an application for a
confirmation of the sale John W. Pearson took an appeal
to this court, and assigns as errors the making of the said
two orders.

The refusal of an application for confirmation of a sale
of real estate made pursuant to a foreclosure decree can-
not be the basis for an assignment of error where it ap-
pears that shortly after such refusal the court made an or-
der of confirmation, not appealed from, and no injury to
appellant is shown.

A tax title claimed to be adverse and paramount to the
rights of both mortgagor and mortgagee is not a proper
subject of adjudication in a suit to foreclose the mort-
gage. See Brown v. Atlanta Nat. Bldg. & Loan Ass'n.,
46 Fla. 492, 35 South. Rep. 403.

Where the language of a decree is open to more than
one interpretation it should be interpreted so as to make
it correct and proper with reference to the pleadings and
proceedings in the case. See Clay v. Hildebrand, 34 Kan-
sas 694, 9 Pac. Rep. 466; 5 Ency. Pl. & Pr., 1060.

The language of the foreclosure decree of February
23rd, 1905, "that in the event said property is sold that
the said defendants Henry E. Schoeflin and E. T. Helven-
ston and all persons claiming by, under or through them
since the recording of the said mortgage be and they are
forever barred and foreclosed of all rights and equity of
redemption in and to said property or any part thereof"
is not necessarily an adjudication of the title derived
through the tax deed as E. T. Helvenston claimed in his
answer, which title if valid extinguished all other titles;
but the quoted language of the decree is subject to the
38 S. C.

construction put upon it by the Chancellor on May 27th, 1905, as shown by his order refusing the writ of assistance, i. e. that he did not pass upon the title claimed under the tax deed, but only upon the "rights and equity of redemption" under the mortgage. This construction renders the decree proper under the pleadings and proceedings in the case, therefore it cannot be said that the court erred in refusing the writ of assistance as prayed for. If the title asserted by Helvenston under the tax deeds is not a good title as against the purchaser at the foreclosure sale he has his remedy in appropriate original proceedings.

The orders appeal from are affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.