MARGARET J. DICKINSON, *Plaintiff in Error,* v. JOHN M. DICKINSON, *Defendant in Error.*

1.  Where a divorce decree gives the custody of a young son to the mother, but makes no order as to the custody of an older son who elects to live and does live with the mother, and the decree contains an order providing for an annual sum of money to be paid to the mother "for her to spend, hold and use in such way and manner as she may see fit for the benefit of herself and the children," and such decree is construed by

the court making it as relieving the father of liability to the mother for support of the elder son while living with her, notwithstanding a statement in the decree that the amount is given during the life of the mother "as alimony in full," the construction will not be held to be erroneous.

This case was decided by Division A.

Writ of Error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Stewart & Bly,* for Plaintiff in Error;

*Landis & Fish,* for Defendant in Error.

WHITFIELD, C. J.—The plaintiff in error brought an action of assumsit in the common counts against the defendant in error. By direction of the court a verdict was rendered for the defendant and from a judgment thereon the plaintiff took writ of error. The parties were formerly husband and wife. A decree divorcing them contains the following:

"It is further ordered and decreed that the complainant be and she is hereby awarded the income from the sum of $10,000 in cash for and during the term of her natural life as alimony in full, the said $10,000 to be placed by the defendant, John M. Dickinson, in the hands of some trust company or individual, subject to agreement between the complainant and defendant, the income only of the said $10,000 to be turned over to the said Margaret J. Dickinson as it accumulates for her to spend, hold and use in such way and manner as she may see fit for the benefit of herself and the children; the said principal of

$10,000 to be invested for and during the natural life of the said Margaret J. Dickinson and on her death the said principal sum of $10,000 shall be turned over, share and share alike, to the said Gordon M. and Neville S. Dickinson, the two sons born of the said marriage, or their issue, in case of the death of either without issue, then to the survivor, the same to be their own property absolutely."

The decree awarded the custody of the son Gordon to the mother but made no order as to the custody of the elder son Neville who elected to live with the mother. The mother in this action seeks to recover of the father for the son Neville's support. The case was tried on issues made by a plea of never was indebted and a plea setting up the decree above quoted and a compliance therewith by the father. As the special plea was proven its construction was for the court, and this was determined by giving an affirmative charge for the defendant. The effect of the charge was to hold that the decree relieved the father of liability for the elder son's support when he by choice lived with his mother to whom an allowance had been made "for her to spend, hold and use in such way and manner as she may see fit for the benefit of herself and the children." The provision in the decree that the amount secured to the wife during her life was as "alimony in full," does not qualify the meaning of the other portion of the decree last above quoted relative to spending the amount "for the benefit of herself and the children." The decree is fairly susceptible to this construction placed upon it by the Judge who rendered it and this court will not hold it to be error. See Pearson v. Helvenston, 50 Fla. 590, text 594, 39 South. Rep. 695. Issue being joined on the plea its proof and construction

was a bar to recovery under the facts of this case, therefore the judgment is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.