ST. JOHNS COUNTY, FLORIDA, *Appellant*, v. FRANCIS TRIAY, THEODORE TRIAY AND J. A. CODY, *Appellees*.

Opinion Filed February 8, 1917.

1. The Rules of the Circuit Courts in Equity Actions require counsel for the complainant to annex his signature to the bill of complaint, that it may be considered as an affirmation on his part that upon the instructions given to him and the case laid before him, there is good ground for the suit in the manner in which it is framed. Rule 27.

2. 'An application for injunction based upon a bill of complaint which states no ground for equitable relief should be denied.

3. Proceedings by County Commissioners to establish a public ditch or drain through certain lands, under the provisions

of Chapter XVI of the General Statutes of Florida, 1906, Florida Compiled Laws, 1914, which comprises Sections 950-960, and as amended by Chapter 6457, Laws of Florida. 1913, do not deprive the owners of lands through which it is proposed to construct the ditch or drain, of their title or possession to such land.

Appeal from Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Order affirmed.

*MacWilliams & Bassett,* for Appellant;

*Cockrell & Cockrell,* for Appellees.

ELLIS, J.— In February, 1914, a petition was presented to the County Commissioners of St. John's County by certain land owners who deemed it necessary to establish a public ditch or drain through their lands and the lands of others who were not parties to the petition. The petition was presented and the proceedings which followed were, under the provisions of Chapter XVI of the General Statutes of Florida, 1906, Florida Compiled Laws, 1914, comprising Sections 950-960, as amended by Chapter 6457, Laws of Florida, 1913. The general course of the proposed ditch as shown by the petition was west from the northeast corner of Section Twenty-four, Township 8 S. Range 28 E. and along the northern line of Sections 24, 23, 22, 21 and 20 to a creek in the northwest quarter of the latter section. The appellees owned lands along the route of the proposed ditch. Theodore Triay owned the east half of the northeast quarter of Section 20; Francis Triay owned the southwest quarter of the southwest quarter of Section 16, and J. A. Cody

owned the southeast quarter of the southwest quarter of Section 16, all in the same Township and Range. These men, appellees here, were not parties to the petition.

The Board of County Commissioners after publishing all the notices required by the statute and otherwise complying with its requirements, declared its intention to construct the ditch or canal along the route or course named in the petition, no objection or reasons having been filed with the Board why the ditch should not be constructed, and proceeded to let the work of constructing the ditch out upon a contract. The contractor to whom the work was let employed laborers and made all preparations to commence work, and did begin work, after giving a bond for the proper construction of the canal or ditch within five months.

The appellees then began to threaten the contractor and his employees with prosecutions for trespass if they entered upon the lands of appellees for the purpose of diging the aforementioned ditch, and have refused to allow the contractor and his employees to enter upon their lands for the purpose of constructing the ditch.

The County Commissioners thereupon filed their bill against the appellees, alleging that their conduct will cause the contractor to "suffer irreparable injury and damages and be and become liable on his bond without default on his part." The appellant's conception of its equity is expressed in the words of the last paragraph but two of the bill, the substance of which is: "in order that the canal may be dug" and the contractor may comply with the terms of his contract an injunction is expedient and necessary to restrain the appellees and their agents, servants and employees from interfering with the construction of the canal. In accordance with this idea an injunction was prayed for to restrain the appellees "from interfering

with the digging and construction of the canal over, upon and through" the E. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of Section 20, the S. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ and the N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of Section 16,T. 8 S. R. 28 E. This bill is not signed by anyone as complainant or solicitor as the record shows. Rule 27 of the Rules of Circuit Courts in Equity Actions requires counsel to affix his signature to the bill, that it may be considered as an affirmation on his part that upon the instructions given to him and the case laid before him there is good ground for the suit in the manner in which it is framed.

In making up the transcript probably the clerk overlooked the signatures of the County Commissioners and their solicitor. It may also be noticed that in the prayer there is an error of description of part of the lands owned by appellees; the northeast quarter of the southwest quarter of Section 16, is not alleged to belong to either one of the appellees, nor according to the described course of the canal will it come within four hundred yards of that land.

The Chancellor denied the application for an injunction, from which order an appeal was taken.

It is unnecessary to discuss the constitutionality of the statute under which the ditch is proposed to be constructed, nor the application of Section 12 of the Declaration of Rights providing that private property shall not be taken without just compensation and due process of law, nor whether Section 27 of Article XVI of the Constitution is applicable, providing that no private property nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money, etc.

The bill of complaint fails to show any equity in

the complainant or in the contractor in whose interest it seems to have been filed. If the complainant has a right to enter upon the land the bill fails to show it, because nothing in the proceedings relating to the determination by the County Commissioners to construct the ditch has deprived the appellees of their title or possession. So much was admitted by appellant's solicitor in the argument, but he insists that appellees were estopped by the proceedings from denying to the county the right to use part of the land for a right of way, because they failed to appear before the County Commissioners and show cause why the ditch should not be constructed. Even if such was the case, the law affords an adequate remedy against any form of violence by which persons seek to unlawfully interfere with another's rights to the latter's injury. The bill does not show in what the alleged irreparable injury to the county from appellees' conduct consists. The allegation is a mere conclusion of law, and seems to have been made in behalf of the contractor who does not appear to be complaining. 22 Cyc. 762.

The bill alleges that when the canal is completed it will drain all the lands in certain sections in the immediate territory, and will be of great assistance and benefit to a majority of those owning the greater part of the lands through which the proposed canal runs. There are ten sections involved, the appellees are alleged to be the owners of one hundred and sixty acres, but we cannot perceive how this circumstance creates any equity in the county to restrain the appellees from threatening to bring suits against the contractor for trespass upon their lands. We see nothing in this record which affords a basis for interference by injunction against the appellees, nothing which shows the existence of any recognized ground for equity interference.

So we think the order should be affirmed, and it is so ordered.

BROWNE, C. J. and TAYLOR, SHACKLEFORD and WHITFIELD, JJ. concur.