E. E. LEE, *et al.,* v. W. M. SLEMONS, *et al.*

150 So. 792.
Division B.
Opinion Filed November 13, 1933.

*W. W. Whitehurst,* for Appellants;
*H. F. Mohr,* for Appellee.

BUFORD, J.—This appeal is from a final decree of foreclosure. The bill of complaint contained all the necessary

allegations required of the bill to foreclose the mortgage as against the principal defendants. It then contained the following allegations:

"And your complainants would further show unto your Honor that C. F. Kunze and Grace L. Kunze, his wife, and the American Agricultural Chemical Company, a corporation, and Kingan & Company, a corporation, and Tampa Fertilizer Company, a corporation, have or claim to have some interest in and to the said described property but which interest, if any they have, or right, if any they have, is subsequent and inferior and secondary to the right and claim and interest of your complainants in and to the said described property. And your Complainants would further show unto Your Honor that there are numerous other persons named hereinafter who claim some interest or right in and to the said property but whose interest and rights your complainants allege are secondary, subsequent and inferior to the right, claim and interest of your complainants in and to the said property. That these numerous claimants or any of their predecessors in title or grantors or legators or devisors have not been seized or possessed of the afore-described piece of property for more than thirty years but that, on the contrary, the said respondents Ethel P. Davis and J. B. Davis and their predecessors in title and assignees and grantees under whom complainants claim have been actually seized and possessed of the said property for more than twenty years. And your complainants allege that these parties respondent referred to as 'numerous claimants' who claim some interest in and to the said property, which is subsequent and inferior to the claim and rights of your complainants' are as follows: * * *"

These allegations were followed by the names of a number of people who are made defendants to the suit and whose

places of residence are alleged in a former part of the bill. The names are followed by the allegations:

"And your complainants allege that the rights of these respondents are all inferior and subsequent and secondary to the rights, claim and interest of your complainants.

"And your complainants allege that there are other persons the names of which are to your complainants unknown, claiming some right, title or interest in and to the above described premises, but which claim, right, title or interest your complainants allege is inferior and secondary to the right, claim, title and interest of your complainants. That your complainants have made diligent search to ascertain their names and their respective places of address, but have been unable to ascertain either their names or their places of address or residence, and allege that their names and respective places of address or residence are unknown to your complainants, but allege that their right, title or interest, if any, is subsequent and secondary or inferior to the claim of your complainants."

The bill was amended to include additional allegations as follows:

"And your complainants further show unto Your Honor that the said respondents, nor any of them, paid the taxes against the said described property for several years; that the said property is not being occupied by the said respondents, Ethel P. Davis and J. B. Davis, her husband, as their home; that the said property which is described herein before in this bill and described in the said mortgage attached hereto, which was given as security for the said note indebtedness aforesaid, is insufficient in value and is inadequate security for the said note indebtedness of your complainants; and that the said property at forced sale will not bring sufficient funds with which to pay the indebtedness

of your complainant. That Ethel P. Davis and J. B. Davis, mortgagors, are insolvent.

"And your complainants further show unto Your Honor that the said property is not being occupied by the said Ethel P. Davis and J. B. Davis, her husband, as their home or homestead, but since the institution of this suit, that is, on July 14, one of the respondents herein, one E. E. Lee, brought an ejectment suit against C. F. Kunze, another respondent herein, in the Circuit Court of Orange County, Florida, for the possession of said property, and that C. F. Kunze has let the said ejectment suit go by default, and that the said E. E. Lee, one of the respondents herein and plaintiff in the said ejectment suit, is now in possession of the property aforedescribed in this bill."

There was a general demurrer to the bill of complaint. Demurrer was overruled.

Petition for rehearing on demurrer to the amended bill was filed and overruled. Thereafter, decree *pro confesso* was entered against all defendants against whom decree *pro confesso* had not theretofore been entered and, on final hearing, final decree was entered in favor of the complainants against all of the defendants.

The bill of complaint in this case is to be distinguished from that in the case of Coy as Administrator v. Downey, 14 Fla. 544, because in that case the Court said: "It does not appear to this Court that the defendants Edward N. Dickenson and A. H. Coles are necessary or proper parties to this action. Their rights appear to be antagonistic as well as superior to those of the plaintiff and other defendants."

In this case the bill alleges as to the known respondents "that the rights of these respondents are all inferior and subsequent and secondary to the rights, claims and interests

of your complainants," and as to the unknown defendants it alleges, "that their right, title or interest, if any, is subsequent and secondary or inferior to the claims of your complainants."

It is likewise to be distinguished from Brown v. Atlantic National Building & Loan Association, 46 Fla. 492, 35 Sou. 403, and Peterson v. Helvenston, 50 Fla. 590, 39 Sou. 695, because in those cases the bill sought to adjudicate the validity of an outstanding adverse tax title. A tax title is a new and independent title. There is no allegation in this bill that shows that any of the defendants held under an adverse, outstanding independent title. The truth of the allegations of the bill of complaint cannot be tested by demurrer. The demurrer admitted the allegations of the bill and, therefore, admitted that any right, title or claim in the several respondents, or any of them, was subsequent, secondary and inferior to the lien and rights of the complainants. Admitting these allegations to be true, then the respondents were proper parties to the foreclosure suit. If the allegations were untrue the respondents had their day in court to so allege and maintain.

The demurrer was properly overruled and final decree, entered after decree *pro confesso* was taken against the appealing defendants, should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, and BROWN, J. J., concur.