E. H. L. PAGE PROPERTIES, INC., *et al.,* v. PINELLAS GROVES, INCORPORATED.

170 So. 881.

Division B.

Opinion Filed November 30, 1936.

*Philip C. Gorman,* for Appellants;
*Wells & Hall,* for Appellee.

Buford, J.—In this case the appellants state that the question involved is:

"Does a claim of a mortgagee that outstanding tax deeds are void as against the lands constituting the subject matter of the mortgage, present an equitable controversy?"

This question is based upon the action of the Chancellor in refusing to strike replies to certain answers interposed by certain defendants. Certain of the defendants interposed answers wherein such defendants claimed absolute title to a part of the mortgaged property under tax deeds issued to them subsequent to the date of the mortgage. These defendants were Charles W. Turner, R. Erkes and Mary C. Addison.

The replication as to each of the answers was in the following form:

"The plaintiff, Pinellas Groves, Incorporated, a corporation, by Wells & Hall, its solicitors, by this its reply to the paragraph numbered sixth of the answer of the defendant, Charles W. Turner, respectfully shows unto the Court:

"1. That the plaintiff denies that said defendant is the absolute fee simple title owner of the lands therein described as being in Lake County, Florida, to-wit:

"NE¼ of SW¼ and SW¼ of SW¼ of SW¼, Section 31, Township 18 South, Range 28 East, containing 50 acres, and further denies that the two alleged tax deeds mentioned in and described in said paragraph of said answer gave the said defendant any title to said land whatsoever or vested said defendant with any new or original title to said lands, entirely disconnected with the title of the owner of said lands, to-wit: the defendant, E. H. L. Page Properties, Inc., a corporation.

"2. That the plaintiff denies that said defendant is in possession of said lands and has been since February 16, 1934.

"3. That the tax deeds mentioned and described in subparagraphs Nos. 1 and 2 of said paragraph 6 of said answer, created no new and original title to said lands in said defendant, adverse to the mortgagor defendant in this cause or to the lien of the plaintiff herein on said lands, and disconnected with the title of the said mortgagor defendant, for and on account of the following facts, which the plaintiff is ready, willing and able to prove, to-wit:

"That on the ........ day of December, 1933, the defendant, E. H. L. Page Properties, Inc., a corporation, and the mortgagor in the mortgage herein sought to be foreclosed, was the owner of and in possession of the lands described in said tax deeds in said answer set forth, which said lands then and there were subject to the lien of the mortgage of the plaintiff herein sought to be foreclosed; that on said date and prior thereto, one Kathryn C. Page was the president of and the principal stockholder in said defendant mortgagor corporation, E. H. L. Page Properties, Inc.; that on

said date or immediately prior thereto, the said Kathryn C. Page, while being president of and the principal stockholder in said defendant mortgagor corporation, conceived, formulated and attempted to carry into execution, a certain fraudulent scheme to deprive the plaintiff of a portion of its security under its said mortgage by causing the tax deeds described in said answer to be issued; that in furtherance of said scheme, the said Kathryn C. Page while still president of and the principal stockholder in said defendant mortgagor corporation, paid unto Geo. J. Dykes, Clerk of the Circuit Court in and for Lake County, Florida, the sum of Two Hundred Seventy-six and 4/100 ($276.04) Dollars, the proper and necessary amount to obtain and secure the tax deeds on the lands described in said tax deeds set forth in said answer, and thereupon by and with the collusion and fraudulent acts and intents of the said Kathryn C. Page and of the defendant mortgagor corporation, E. H. L. Page Properties, Inc., and of one Charles W. Turner, caused the tax deeds described in said answer to be issued in the name of said Charles W. Turner; that the funds so paid to the Clerk of the Circuit Court were in truth and in fact paid by the said Kathryn C. Page and were not paid by the said Charles W. Turner; that the payment of the amount above described for the issuance of said tax deeds constituted and amounted only to the payment of the taxes due on said lands as represented by the amounts so paid and did not by the issuance of the tax deeds thereon create any title whatsoever in the defendant, Charles W. Turner."

The replications to the answers of other defendants named differed with this only in naming the defendants and in alleging that they each respectively had procured deeds from Turner based on the tax deed so acquired by Turner.

It appears to us that the appellants have misconceived

the force and effect of the defense set up. The cases cited by appellants are not in point. In Hecht, *et al.*, v. Wilson, 107 Fla. 421, 145 Sou. 250, there was involved a tax deed which, if valid, constituted an independent paramount title, but there was not involved the question of the propriety of making the holder of a tax title a party defendant in a mortgage foreclosure suit where it is charged that by fraud and collusion between the mortgagor and the purchaser of a certificate at tax sale or the acquiring of a tax deed, a tax deed was acquired under circumstances that constitute only a payment of the taxes due under which the tax deed cannot constitute the basis of a new and independent title.

Unquestionably, the general rule is that the proper scope of a foreclosure suit is merely to enforce the mortgage lien against the title or interest of the mortgagor and those claiming under him; and also that one claiming adversely to both mortgagor and mortgagee by paramount title cannot be joined as a defendant in a foreclosure suit. But, there is a well recognized exception, as stated in Brown v. The Atlanta National Building & Loan Association, 46 Fla. 492, 35 So. 403:

"Exceptions to the general rule exist where a charge is made of fraud or collusion between the mortgagor and the purchaser at tax sale, or where the purchaser is charged to have occupied a relation to the mortgagee which estops him from claiming adversely under the tax title. Both the rule and the exceptions have been recognized by this court. Gorton v. Paine, 18 Fla. 117; Brown v. Marzyck, 19 Fla. 840. See also Mendenhall v. Hall, 134 U. S. 559, 10 Sup. Ct. Rep. 616."

This case falls within the exception.

In Petty v. Mays, 19 Fla. 652, we held:

"A tax sale at which the owner of the lands, or another

person at the request of the owner whose duty it was to pay the taxes, bids in the property and afterwards obtains a tax deed under such sale, amounts only to the payment and satisfaction of the tax, and confers no new title upon such purchaser." Buffum v. Lytle, 66 Fla. 355, 63 Sou. 717; Pearson v. Helvenston, 50 Fla. 590, 39 Sou. 695.

The replications are sufficient to state a good defense against the validity of the tax deed as a muniment of title because of the alleged collusion between the mortgagor and claimants under the tax deed.

The order appealed from is without error and should be affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.