Mrs. C. W. HUGHES, *et vir,* v. FLO M. SHANER and RICHARD R. LAIRD, as Executors of the Estate of Philip K. Shaner, deceased.

174 So. 400.

Division A.

Opinion Filed May 3, 1937.

Rehearing Denied June 2, 1937.

*Walker Liddon* and *Fee & Liddon,* for Appellants;
*Thad H. Carlton,* for Appellees.

BUFORD, J.—The appeal here is from a final decree holding a tax deed ineffectual to convey title and foreclosing a mortgage.

The second amended bill of complaint makes Mrs. C. W. Hughes, joined by her husband and next friend, C. W. Hughes, J. R. Odom and Ethel Odom, his wife, parties defendant. It alleges that on or about the 24th day of October, 1924, Viola Hughes, N. C. Hughes, W. H. Haines and Alto Adams, being the owners of property therein described, executed and delivered a first mortgage on said property to J. R. Odom, one of the defendants therein, and F. E.

Gober, in the sum of $25,000.00; that in and by said mortgage the makers thereof promised to pay the sum of $25,-000.00 as evidenced by a promissory note in that amount with interest after date at the rate of 8% per annum until paid; interest payable semi-annually, the principal sum of $25,000.00 to be paid in installments of $1,250.00 on December 24, 1925, and a like sum on each 24th of December thereafter until paid in full. That the note was duly assigned to the complainant and the complainant is the owner and holder thereof. That subsequent to the assignment of the note and mortgage to the complainant by Odom and Gober, Odom purchased the property described in and encumbered by the mortage subject to the lien of the mortgage and that it became the duty of Odom to pay all taxes assessed against said property. That notwithstanding such duty, Odom failed and neglected to pay the taxes. That prior to July 12, 1930, Odom made an agreement with defendant, Mrs. C. W. Hughes, as sister of Odom, whereby Odom sold to the defendant, Mrs. Hughes, an one-half undivided interest in the property subject to the mortgage of the complainant, Mrs. Hughes being then fully advised of said mortgage encumbering said property. That thereafter Odom and Mrs. Hughes fraudulently conspired together to defeat the lien of the complainant's mortgage on said property and Odom on the 12th day of July, 1930, caused to be issued to defendant, Mrs. Hughes, an alleged tax deed conveying all of said property to Mrs. Hughes. That the tax deed was purchased by Odom with moneys paid to him as consideration for a one-half undivided interest in said property. That the purchase of the alleged tax deed constituted payment of the taxes by Odom and that the interest of Mrs. Hughes in said property is subsequent and inferior to the lien of the said mortgage. That on or about

December 10, 1930, J. R. Odom, Ethel Odom, his wife, Mrs. C. W. Hughes and C. W. Hughes, her husband, entered into joint possession of the hotel on said property and operated same jointly, sharing the profits and losses of same equally. That such operation continued until sometime during the year 1932 when Odom and his wife moved to the State of Georgia. That Mrs. Hughes and her husband continued to reside in and operate said hotel, sharing profits and expenses of said operation with Odom. That the agreement of operation between Odom and Mrs. Hughes was fraudulently entered into by them for the purpose of defrauding the claim of the complainant and that Mrs. Hughes claims title to said property under the alleged tax deed.

There are allegations in the bill of complaint attacking the validity of the tax deed on other grounds. If the allegations of the bill of complaint were true then Mrs. Hughes acquired no title to the property under the tax deed.

In Jordan v. Sayre, 29 Fla. 100, 10 Sou. 823, we held:

"A mortgagor or his grantee of the mortgaged premises cannot set up against the mortgagee, or his assignee, a tax title acquired at a sale for non-payment of taxes which it was the duty of the mortgagor, or those holding under him, to pay."

In the case of Florida Land Holding Co. v. Lee, *et al.*, 118 Fla. 107, 159 Sou. 7, we held:

"A tax sale certificate is not void merely because it is made to one whose duty it was to pay taxes for which certificate was issued, but in equity will be regarded as redemption where certificate is part of transaction by which one whose duty was to pay taxes attempts thereby to defeat lien on property by letting it sell for taxes and then buying it in at tax sale in effort to defeat rights of lienors."

See also Clermont Minneola Country Club, Inc., v. Coupland, 106 Fla. 111, 143 Sou. 133.

It is contended by the appellant that because the original bill of complaint merely sought to cancel the tax deed and the second amended bill sought to cancel the tax deed and also to foreclose the mortgage, it constituted a departure from pleading. The contention is without merit. Fla. Chancery Practice Act, 1931, Sec. 31, provides:

"The plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant. But when there is more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice. If it appears that any such causes of action cannot be conveniently disposed of together, the court may order separate trials."

This case comes within the provisions of the statute. It is also contended that when the second amended bill was filed the statute of limitations had run against the cancellation of the tax deed on account of fraud. The limitation invoked is the three-year period. The second amended bill of complaint was filed in this cause on November 9, 1935. The original bill of complaint was filed December 8, 1934. The tax deed was acquired on December 10, 1930, and the original bill to cancel the tax deed was filed December 8, 1934, but the record shows that Odom continued in the joint possession of the property until sometime during the year 1932 and, therefore, there was no adverse possession by Mrs. Hughes until Odom's relinquishment of joint possession. But, aside from this, the invoked statute of limitations does not apply in a case of this kind.

The complainant's right to maintain this suit is not an action for relief on the ground of fraud. His ground for relief is that the purchase of the tax certificate was in law a payment of the taxes and that Mrs. Hughes acquired no title by virtue of the tax deed. The right which he sought in his second amended bill of complaint was to foreclose his mortgage, the apparent tax deed notwithstanding. The right to have cancellation of the tax deed was incident to his right of foreclosure and not the basis or ground for his claim to the right of foreclosure.

Upon second amended bill of complaint, answer and testimony taken, a decree was entered in which the following appears: "and the court finding from all of the evidence produced herein that the purchase of the Tax Certificates set out in the Second Amended Bill of Complaint filed herein and more fully described in the Tax Deed hereinafter mentioned, by the defendant, Mrs. C. W. Hughes, constituted a payment of the taxes upon the property hereinafter described, and that the tax deed issued upon said certificates did not convey a title to said lands independent to the title to said lands encumbered by that certain mortgage recorded in Mortgage Book 21 at page 74 of the public records of St. Lucie County, Florida, being the mortgage set out in the second amended bill of complaint filed herein.

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED That the purchase of those certain Tax Certificates set out and described in that certain Tax Deed executed by P. C. Eldred as Clerk of the Circuit Court of St. Lucie County, Florida, on the 12th day of July, 1930, to Mrs. C. W. Hughes, purporting to convey to the said Mrs. C. W. Hughes a tax title to the following described lands, situate and lying in St. Lucie County, Florida, to-wit: Lots One, Two, Twenty-one and Twenty-two of the Plat of Altadena Subdivision,

of Section Three, Township Thirty-five South, Range Forty, East, according to the Plat thereof on file in the office of the Clerk of the Circuit Court of St. Lucie County, Florida; be, and they are hereby decreed to be and constitute a payment of said taxes and that the Tax Deed issued thereon and being recorded in Tax Deed Record 2 at page 287, public records of St. Lucie County, Florida, is hereby decreed not to have been a conveyance of said lands to the said Mrs. C. W. Hughes, and in so far as the same purports to convey any title is hereby set aside and nulled and decreed to be utterly void and of no force and effect whatsoever."

The allegations of the bill of complaint were sufficient and the evidence adduced ample to support the findings and decree of the Chancellor. Therefore, the decree should be, and is, affirmed.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

### ON REHEARING.

PER CURIAM.—In petition for rehearing our attention is called to the fact that in the opening paragraph of our opinion filed in this case on May 3, 1937, we said:

"The appeal here is from a final decree holding a tax deed ineffectual to convey title and foreclosing a mortgage."

The words "and foreclosing a mortgage" were erroneously inserted and should be and are deleted. The decree held the tax deed involved ineffectual to convey title but denied foreclosure of the mortgage, "without prejudice to the right of complainants to bring foreclosure proceedings therefor."

. The complainants did not appeal from that provision of the decree.

Petition for rehearing denied..

So ordered.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.