CLEO BRYAN v. HENRY W. KNOX.

189 So. 700
Division A
Opinion Filed June 2, 1939
Rehearing Denied June 22, 1939

*W. D. Bell,* for Appellant;

*Leitner & Leitner,* for Appellee.

BUFORD, J.—The appeal in this case brings for review final decree in foreclosure of mortgage which decree contained the following findings of fact:

"That the tax deed held by Cleo Bryan is null and void because it was a payment of taxes. That the mortgage sued on herein is owned by the complainant and there is due to the complainant the sum of $4,931.57, for principal and interest and an attorney's fee of $100.00, as provided in and by the said mortgage, all totaling the sum of $5,031.57."

The appellant presents two questions for our consideration which are as follows:

"In mortgage foreclosure suit may a party claiming under adverse tax deed be made party defendant for purpose of having validity of her claim of paramount title determined?"

"In mortgage foreclosure suit, when paramount tax deed is made to appear by offer in evidence of such tax deed, should the defendant claiming under such paramount tax deed be dismissed?"

"Orator further shows here unto Your Honors that the said mortgage above referred to was duly executed according to law, and duly acknowledged by the parties according to law, and was on the 30th day of November, 1925, duly recorded in Mortgage Book 6 at page 1 of the public records of Hardee County, Florida, and on the 18th day of Septem-

ber, 1937, the said notes and mortgage were sold, assigned and delivered by the said The Gulf Fertilizer Company to orator, who is now the owner and holder of the said notes and mortgage; that to evidence the said sale The Gulf Fertilizer Company made, executed and delivered a certain assignment of the said mortgage to orator, which said assignment is dated on the 18th day of September, 1937, and recorded on the 23rd day of September, 1937, in Assignment of Mortgage Book 8, page 201, of the public records of Hardee County, Florida. A substantial copy of said assignment being hereto attached, marked Complainant's Exhibit 4 and made a part of this bill as though fully copied herein. The original of which is ready to be produced in court as Your Honors may direct.

"Orator further shows here unto Your Honors and alleges the fact to be that no part of the said indebtedness has been paid; that the said notes with interest thereon are long past due; that orator was forced and compelled to place this matter in the hands of the undersigned attorneys who have agreed to foreclose this mortgage for the fee of $10.00 and this fee orator alleges to be very reasonable; that this fee was agreed upon because and for the reason that the property involved in this suit is of very little value.

"Orator further shows here unto Your Honors that the defendant, Cleo Bryan, holds a tax deed to the said property, dated August 2, 1937, but orator alleges that the said defendant, Cleo Bryan, has no interest in and to the said property because she holds the said tax deed for the defendant L. M. Bryan; that the said Cleo Bryan is a daughter of the said defendants L. M. Bryan and Mary Bryan and the tax deed was taken and obtained for the purpose of paying the taxes by the defendant L. M. Bryan; that to show that this is the actual fact, one Dr. Poucher was the owner and holder of a certain tax certificate against this

property and he had had the clerk of the Circuit Court of Hardee County, to advertise the said property for sale as he, the said Poucher, desired to purchase a tax deed against the said property; that before the time for the issuance of the said tax deed, the said Poucher was notified by the clerk of Hardee County, Florida, that the taxes on the said property had been paid and the said property had been redeemed by the said L. M. Bryan and there would be no sale of the said property for the said taxes, and this said tax deed held by the defendant Cleo Bryan should be cancelled as it is merely for the purpose of paying the taxes."

Other parts of the bill not are material to the questions presented here.

The prayer of the bill, *inter alia,* was:

"Orator being without relief in the premises save in a court of equity where matters of this and like kind are especially cognizable and to the end that L. M. Bryan, Mary Bryan, Cleo Bryan, Armour Fertilizer Works, a corporation, Liquidating company, a corporation, and Wilson Toomer Fertilizer Co., a corporation, who are made parties defendant to this bill may be required to answer same according to law, and upon the coming in of the said answer or the refusal of the defendants to answer said bill. Your Honors will take jurisdiction of this matter as is usual and customary, and will ascertain the amount due orator for principal, interest, fees and costs and will adjudge the same to be a first lien on the said property, superior in every respect to that of the defendants or either of them, and the said property in the bill described may be sold, as is usual and customary, by this court to satisfy the said lien, and your orator may have such other and further relief as to Your Honors may seem meet."

Defendant, Cleo Bryan, filed her motion to dismiss the bill of complaint on four grounds, as follows:

"1. Said bill shows no cause of action against her.

"2. Said bill shows that she is the holder of a tax deed to said property.

"3. Said bill shows that the title of this defendant has extinguished all prior liens and claims to said property including those of the complainant in this case.

"4. The allegations with reference to the said tax deed, being held by her for L. M. Bryan, are mere conclusions of the pleader."

The motion was denied and thereupon Cleo Bryan filed her answer, as follows:

"Comes now Cleo Bryan and for answer to the bill of complaint, or to so much thereof as she is advised that it is necessary to make answer unto, says that she admits that she holds a tax deed to the property described in the bill of complaint dated August 2, 1937, but denies that she has no interest in and to said property and denies that she holds the tax deed for the defendant L. M. Bryan; she admits that she is the daughter of the defendants L. M. Bryan and Mary Bryan, but denies that the tax deed was taken and obtained for the purpose of paying the taxes by the defendant, L. M. Bryan; as to the matters and things alleged with reference to one Dr. Poucher and the Clerk of the Circuit Court of Hardee County, she is without knowledge. This defendant further answering says that she is and was at the time of the beginning of this suit in actual, open, notorious, and hostile possession of the same as against the complainant in this case, claiming the same under and by virtue of the said tax deed; that said property is under fence and a portion of it has been cleared. Wherefore defendant says that a court of equity is without jurisdiction to try the title to said property and prays the same advantage of this answer as if she had pleaded the aforesaid

matters and things in bar or in abatement of said action, all of which she is ready to aver and prove; wherefore she prays the judgment of the court and that said cause be dismissed."

The defendant L. M. Bryan filed his answer, in which he alleged:

"The defendant further answering admits that Cleo Bryan holds a tax deed to the property dated August 2, 1937, but denies that the said Cleo Bryan has no interest to and in the said property, and denies that she holds the said tax deed for this defendant, and denies that the same was obtained for the purpose of paying the taxes by this defendant; as to the matters and things alleged with reference to Dr. Poucher and the Clerk of the Circuit Court of Hardee County, he is without knowledge."

Testimony was taken. The evidence supports the findings of the chancellor.

It appears to us that there is no merit in this appeal. The record shows conclusively that the procuring of the tax deed by Cleo Bryan was for the use and benefit of her father, L. M. Bryan, and that such procuring of such tax deed amounted to no more than the payment of taxes. The case is on all-fours with that of Buffum v. Lytle, 66 Fla. 355, 63 So. 717, in which we held:

"A son living with his old father upon and in charge of property, mortgaged by the latter, will not be permitted by securing a tax deed thereto, to defeat the lien of the mortgagee, in the presence of facts indicating fraud or collusion, as against a nonresident mortgagee in ignorance of the non-payment of the taxes." See also Petty v. Mays, et al., 19 Fla. 652.

It is true, as a general rule, that a conveyance by tax deed creates a new and independent title but there are

458

exceptions to the general rule and one of those exceptions is that where the tax deed is a mere subterfuge resorted to by the owner, whose duty it is to pay the taxes, as a means to divest himself of the prior title to the injury of a mortgagee under a mortgage which he has executed, the tax deed is void and passes no title, but the transaction only constitutes the payment of the taxes due. E. H. L. Page Properties, Inc., et al., v. Pinellas Groves, Inc., 126 Fla. 334, 170 So. 881, and cases there cited. See also Hughes, et al., v. Shaver, et al., 128 Fla. 183, 174 So. 400.

The decree should be, and is, affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.