J. WALTER BLUME, as Executor of the Last Will and Testament of Olivia Bryan Burnett, Deceased, v. RUBY STRICKLAND GILES, Individually and as Administratrix of the Estate of H. M. Strickland, Deceased, *et vir,* FRANCES STRICKLAND HAIR, *et vir,* DREW LAND, E. L. LOUGHRIDGE; and J. L. McMULLEN, as Clerk of the Circuit Court of Suwannee County.

197 So. 344
Division B
Opinion Filed July 2, 1940

616

*J. L. Blackwell,* for Appellant;
*Davis & Davis,* for Appellees.

PER CURIAM.—Appellant by his bill of complaint, filed March 24, 1938, in the Circuit Court of Suwannee County, sought to foreclose a mortgage on certain real property of the mortgagors, H. M. Strickland, and his wife, Ruby Strickland. The bill alleged that the mortgage had been originally executed and delivered to Franz Schmidt and Esther E. Schmidt on September 10, 1925, and was recorded on September 28, 1925; that in 1928 the said Esther and Franz Schmidt assigned the said mortgage to Olivia B. Burnett, the assignment being recorded on November 26, 1928; that Olivia B. Burnett died on November 11, 1935, and that appellant, J. Walter Blume, was appointed and qualified as executor of her last will and testament. The bill further alleged that Drew Land, appellee herein, is the holder of a tax deed which he acquired in the early part of 1938 to a part of the land on which foreclosure is sought; that the said tax deed is void as to appellant, mortgagee, because the clerk of the court in issuing the said tax deed did not comply with the provisions of Chapter 17457, Acts of 1935 (C. G. L. Prem. Supp., Sec. 999 (139), which requires the mailing of notice of application for tax deed to the holder of "each mortgage which appears of record against said property, if the address of such mortgage holder be known to the clerk;" that appellees, Drew Land and his associate E. L. Loughridge, have been cutting and removing and are continuing to cut and remove the timber

from the property on which Land has a tax deed; that the appellant's mortgage security is thereby being rapidly depleted.

The bill prayed for foreclosure of appellant's mortgage against the mortgagors, that the tax deed of Drew Land be adjudged null and void and that it be cancelled, and, further, that a temporary restraining order or temporary injunction be granted restraining the appellees, Land and Loughridge, and their agents, servants, and employees from cutting or removing timber from the land or shipping or selling any of the timber which they had already cut.

A temporary restraining order was entered enjoining the appellees from cutting and removing the timber, but this order was later dissolved upon motion of appellees. Motion was also filed to dismiss the bill of complaint as to the appellees, Drew Land and E. L. Loughridge, and this motion was likewise granted. From the order dismissing the bill of complaint as to appellees and the order dissolving the temporary injunction this appeal has been taken.

As stated in Hecht v. Wilson, 107 Fla. 421, 144 So. 866 (145 So. 250), "The proper scope of a foreclosure suit is merely to enforce the mortgage lien against the title or interest of the mortgagor and those claiming under him, and the great weight of authority sustains the view that, without special features of equitable nature to authorize such action, one claiming adversely to both mortgagor and mortgagee by paramount title cannot be joined as a defendant to the suit."

The holder of a tax deed does not stand in the shoes of the mortgagor or his heirs in the assertion of rights, but claims under a new, original and paramount title, entirely disconnected with that of the mortgagor. Therefore, the validity of a tax deed cannot be adjudicated in a suit to foreclose a mortgage lien against the title or interest of the

mortgagor and those claiming under him. Brown v. Atlanta National Building & Loan Ass'n., 46 Fla. 492, 35 So. 403; Hecht v. Wilson, *supra;* E. H. L. Page Properties v. Pinellas Groves, 126 Fla. 334, 170 So. 881.

Exceptions to this rule are cases in which a charge is made of fraud or collusion between the mortgagor and the purchaser at a tax sale or in which the purchaser is charged to have occupied a relation to the mortgagee which estops purchaser from claiming adversely under tax title. E. H. L. Page Properties v. Pinellas Groves, *supra.* These exceptions do not apply in the present suit because neither fraud nor estoppel were alleged by appellant.

Although the above rule was laid down prior to the enactment of the statute requiring the mailing of notice to all mortgage holders we are of the opinion that the rule since the passage of the statute remains the same. The statute prior to 1935 (Ch. 4888, Acts 1901, Sec. 9; Ch. 12409, Acts 1927, Sec. 1; C. G. L. 1927, Sec. 1001) required that notice of application for tax deed be mailed to the owner if the owner's address was known to the clerk. The 1935 Act merely sets out the additional duty that the clerk mail notice to the holder of each mortgage which appears of record against said property whose address is known to him. Hence the question of whether the clerk performed this duty preliminary to issuance of the tax deed in the present case and if not whether his non-performance of it rendered the tax deed void (as to mortgagee or owner) cannot be adjudicated in this suit to foreclose the mortgage lien.

We come now to the question of the temporary injunction. When a bill of complaint sets out no ground for equitable relief a temporary injunction should not be granted. St. Johns County v. Triay, 73 Fla. 289, 74 So. 405; City of Tarpon Springs v. Chrysostomides, 108 Fla. 500, 149 So.

845; B. L. E. Realty Corp. v. Mary Williams Co., 101 Fla. 254, 134 So. 47.

In B. L. E. Realty Corp. v. Mary Williams Co., *supra,* this Court ruled as follows:

"If it is plainly apparent that the bill is without equity, an injunction should not be granted, but if granted, it should be dissolved at the earliest opportunity by the court, and the bill dismissed."

The bill in the present case states no ground for equitable relief against appellees, Land and Loughridge, as we have pointed out *supra.* It was properly dismissed and the temporary restraining order properly dissolved by the chancellor.

Affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

BUFORD, J. concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.