408 So.2d 828 (1982)
James Vincent ACQUAFREDDA, a/k/a Vincent Acquafredda and Joan Acquafredda, Appellants,
v.
Joseph MESSINA, Appellee.
No. 81-105.
District Court of Appeal of Florida, Fifth District.
January 20, 1982.
Carol Burlingham of Kaltenbach & Wilson, New Port Richey, for appellants.
Michael T. Kovach, Inverness, for appellee.
ORFINGER, Judge.
Appellants contend that the trial court erred in entering a temporary restraining *829 order[1] enjoining them from conveying certain of their assets during the pendency of this suit, an action brought on a promissory note. We reverse.
Appellee, as plaintiff, filed an action at law for damages, seeking recovery under a promissory note which was alleged to have been issued by defendants to plaintiff's assignor, and assigned to plaintiff. In another count, plaintiff sought attachment of defendant's assets, but the complaint was not verified and the request for attachment was apparently never acted upon by the court.
On the day set for trial, a continuance was granted at defendant's request because plaintiff allegedly had not responded to a notice to produce. Later that day, based on a verified petition filed by plaintiff, requesting a prejudgment writ of attachment, or alternatively, a temporary restraining order without notice, the trial court entered a temporary restraining order, enjoining defendants from disposing of certain business assets pending the outcome of the action for damages.[2] The essence of the motion on which the order was based was that the promissory note represented a debt due on certain business assets purchased by defendant from plaintiff's assignor; that defendants were attempting to sell those assets and that if the defendants were not restrained from disposing of the assets or an attachment not be issued, plaintiff would be left with an uncollectible note and thus without remedy. Defendants did not move to dissolve the injunction, but filed their notice of appeal instead.
In the absence of a motion to dissolve, an appellate court may not review the factual matters upon which the temporary injunction was issued, but it will, nevertheless, review the legal sufficiency of the complaint and supporting affidavits which form the basis for its entry. Hotel-Motel Restaurant Employees & Bartenders Union, Local 339 of Broward County v. Black Angus of Lauderhill, Inc., 290 So.2d 479 (Fla. 1974). See also, Northwestern National Insurance Co. v. Greenspun, 330 So.2d 561 (Fla. 3d DCA 1976).
No temporary injunction may be issued where the complaint upon which it is based sets out no ground for equitable relief. Blume v. Giles, 143 Fla. 615, 197 So. 344 (1940). No action for equitable relief can be maintained unless it falls within some acknowledged head of equity jurisprudence. Thus where a complaint seeks an injunction to prevent a defendant from disposing of assets until an action at law on a debt can be concluded, no equitable cause of action is stated and no injunction should issue. B.L.E. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47 (1931). An action for damages does not become an equitable action merely because a request for injunction is also made. Ramsey v. Lovett, 89 So.2d 669 (Fla. 1956).
No equitable cause of action was asserted here upon which an injunction could issue. This was a traditional action at law; a suit on a promissory note. Additionally, there was an adequate remedy at law by attachment, which provides a prejudgment legal remedy to creditors who can attest to any of the statutory grounds for such relief. The fact that the plaintiff here asserted that he was unable to post the required attachment bond does not make such remedy unavailable or inadequate.
The temporary restraining order is vacated and set aside, and the cause is remanded for further proceedings consistent herewith.
Order VACATED, cause REMANDED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] We have jurisdiction pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(B).
[2] Appellant also complains of the procedure followed below because on the morning when the continuance was granted, plaintiffs' counsel advised defendants and the court that a verified petition for the restraining order would be filed and requested that it be heard later that day. The court announced that it would entertain the motion later that day. Defendants were not present or represented at the later hearing. The order granting the temporary restraining order recites that it is issued without notice. In the light of our decision, we need not address this issue.