ALLEN, Judge.
Appellant, Farmers and Merchants Bank (the bank), appeals a trial court order reinstating a satisfied mortgage and determining the appellees, William P. Riede and Francis V. Riede (the Riedes), to have foreclosure priority, pursuant to the reestablished mortgage, over the bank.[1] The bank argues on appeal (1) that the trial court erred in reestablishing the satisfied mortgage, because the bank had relied upon the satisfaction in loaning money and taking a mortgage on the same property, and (2) that the statute of limitations barred the Riedes’ action for reestablishment and foreclosure of the satisfied mortgage. We find the bank’s arguments to be without merit and affirm the appealed order.
In January of 1983, Maurice and Berneal McKennie (the McKennies) gave the Riedes a mortgage on real property owned by the McKennies in Walton County, Florida. The Riedes promptly recorded their mortgage. In March of 1983, the McKennies gave another mortgage on the same property to the bank. Then, in July of 1983, under circumstances amounting to mistake of fact,[2] the Riedes executed and recorded a satisfaction of the January mortgage.
In February of 1988, the Riedes filed an action to reestablish and foreclose their mortgage. The bank, as the holder of a subsequent mortgage, was a defendant in that action. In November of 1989, the trial court entered an order reestablishing the Riedes’ mortgage, setting aside the mortgage satisfaction and determining the Rie-des’ mortgage to have priority over the bank’s mortgage.
First, the bank contends that the trial court erred in setting aside the satisfaction and reinstating the Riede mort *885 gage, because the bank had relied upon the satisfaction when it extended credit to the McKennies and took its mortgage. The bank acknowledges that mortgages which are satisfied due to a mistake of fact may be reinstated, but it argues that it is entitled to the benefit of an exception to that remedy, i.e., the exception that reestablishment will not be granted where third parties have, in the interim, relied upon the satisfaction to their detriment. United Service Corp. v. Vi-An Constr. Corp., 77 So.2d 800, 803 (Fla.1955); Lovell v. Wall, 31 Fla. 73, 82, 12 So. 659, 661 (1893). In explaining how it relied upon the satisfaction of the Riede mortgage in taking its March 1983 mortgage, although the satisfaction was neither executed, nor recorded until July of 1983, the bank refers us to the testimony of the bank officer who negotiated the bank loan to the McKennies. The bank officer testified that the bank had loaned money to the McKennies and taken a mortgage from them upon the McKen-nies’ promise to pay off the Riede mortgage and secure a satisfaction thereof.
We agree with the trial court’s conclusion that the bank, in taking its mortgage, did not detrimentally rely upon the satisfaction executed by the Riedes. What the bank did rely upon was a promise by the McKennies, which was never fulfilled. Under these circumstances, it is clear that the Riedes’ actions caused the bank no injury. Consequently, the Riedes were entitled to the relief granted.
Next, the bank argues that the Rie-des’ action to set aside or rescind the satisfaction was barred by a four-year statute of limitations, because the Riedes’ complaint was filed some four years and seven months after the date of the execution and recordation of the satisfaction. Whether a separate action to rescind a mortgage satisfaction is subject to a five-year limitations period under Section 95.11(2)(b), Florida Statutes, or a four-year limitations period under Section 95.11(3)(p), Florida Statutes, need not be decided, because the Riedes’ complaint did not seek rescission as a separate remedy. Rather, the Riedes sought reestablishment and foreclosure of their mortgage, and rescission of the satisfaction was merely incident to the primary remedy they requested. Accordingly, the five-year limitations period applicable to equitable actions on contracts, obligations, or liabilities founded on a written instrument, Section 95.11(2)(b), Florida Statutes, and actions for foreclosure of mortgages, Section 95,ll(2)(c), Florida Statutes, controlled, and the Riedes’ suit was timely. Hughes v. Shaner, 128 Fla. 183, 174 So. 400, 402 (1937).
Wé also find the other arguments raised by the bank to be without merit. Accordingly, the order of the trial court is affirmed.
SMITH and NIMMONS, JJ., concur.

. The order is reviewable under Rule 9.130(a)(3)(C)(iv), Florida Rules of Appellate Procedure.

. There was ample evidence of mistake of fact presented in the hearing below, and, at the conclusion of the hearing, the trial court announced that he found that the satisfaction had been executed due to mistake. Nevertheless, when he prepared the order under review, the trial court used the term “fraud," rather than "mistake." Appellant argues on appeal that the' order should be reversed because of an absence of proof of fraud. We disagree. Where the lower court assigns an erroneous reason for its decision, the decision will be affirmed where there is some other reason or basis to support it. In re Estate of Yohn, 238 So.2d 290, 295 (Fla.1970).