GOSHORN, Judge.
Green filed a complaint for specific performance against State Farm Automobile Insurance Company alleging that she had been involved in an automobile accident. She sought recovery under her State Farm policy for medical bills relating to her accident that she incurred with Neuropsycho-logical Associates of Central Florida (Associates). State Farm filed its answer setting forth certain defenses and requesting a jury trial. Subsequently, pursuant to Green’s motion and prior to a trial on the merits, the court entered an order for temporary relief requiring State Farm to pay Associates’ bill within five days. When payment was not made in accordance with the order, Green motioned for and the court entered a final judgment in her favor in the full amount she owed Associates. State Farm appeals the final judgment. We reverse.
An action to recover a sum of money or damages is unmistakably an action at law. St. Lawrence Company, N V v. Alkow Realty, Inc., 453 So.2d 514 (Fla. 4th DCA 1984); Acquafredda v. Messina, 408 So.2d 828 (Fla. 5th DCA 1982). Temporary relief is, in contrast, clearly an equitable remedy, designed to protect a party from irreparable injury. Fla.R.Civ.P. 1.610; Plissner v. Goodall Rubber Company, 216 So.2d 228 (Fla. 3d DCA 1968). In Acquafredda this court ruled that temporary relief may not be issued when the complaint upon which it is based provides no grounds for equitable relief:
An action for damages does not become an equitable action merely because a request for injunction is also made. Ramsey v. Lovett, 89 So.2d 669 (Fla.1956). No equitable cause of action was asserted here upon which an injunction could issue. This was a traditional action at law; a suit on a promissory note. Additionally, there was an adequate remedy at law ...
Acquafredda at 829. Similarly, in St. Lawrence, the Fourth District held that an action on a contract to recover money damages does not entitle a party to equitable relief. In this case, Green clearly had an adequate remedy at law and made no showing that she would suffer irreparable damage if the temporary relief was not granted. See Pallen v. Richardson, 531 So.2d 1043 (Fla. 3d DCA 1988).
The final judgment was erroneously entered and the case is reversed and remanded for trial.
REVERSED and REMANDED.
COWART and HARRIS, JJ., concur.