416 So.2d 888 (1982)
ACTION ELECTRIC & REPAIR, INC., a Florida Corporation, Appellant,
v.
Joseph BATELLI, Appellee.
No. 81-2100.
District Court of Appeal of Florida, Fourth District.
July 14, 1982.
Joel D. Kenwood of Baskin & Sears, P.A., Boca Raton, for appellant.
J. Patrick Floyd, Fort Lauderdale, for appellee.
PER CURIAM.
Action Electric and Repair, Inc. seeks review of a non-final order which granted a preliminary injunction in favor of the appellee, Joseph Batelli, and required appellant to deposit certain funds in escrow pending resolution of appellee's suit to collect damages on a promissory note. This Court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B).
*889 Appellee filed a complaint seeking damages, interest, costs and attorneys fees allegedly caused by appellant's breach of a $40,580.00 promissory note. The complaint failed to allege any basis for equitable relief. However, the trial court granted appellee's motion for equitable relief and ordered appellant not to dissipate its assets and more particularly its draws from a certain construction project. The trial court later granted a requested ten day extension of the temporary restraining order. Upon expiration of the temporary restraining order, appellee moved for and was granted a preliminary injunction. The preliminary injunction enjoined and restrained appellant from disposing of its next two construction draws and ordered appellant to deposit those funds into an interest bearing escrow account pending the outcome of the action on the promissory note. Appellant brings a timely appeal of this preliminary injunction order.
Appellant raises three points on appeal: first, that appellee failed to plead and prove any of the essential elements necessary for injunctive relief; second, that injunctive relief may not be used to enforce payment of a promissory note; and last, that the preliminary injunction failed to require posting of a bond. Although each of appellant's points on appeal have merit, we will only discuss appellant's second point.
The order granting appellee's motion for a temporary injunction amounted to the use of injunctive relief as a substitute for attachment. The complaint alleged a simple cause of action to recover damages for breach of a promissory note. No facts were alleged which would have permitted the court to grant injunctive relief and appellee's motion for injunctive relief was insufficient to convert this cause from an action for damages to an equitable action.
No temporary injunction may be issued where the complaint upon which it is based sets out no ground for equitable relief. Blume v. Giles, 143 Fla. 615, 197 So. 344 (1940). No action for equitable relief can be maintained unless it falls within some acknowledged head of equity jurisprudence. Thus where a complaint seeks an injunction to prevent a defendant from disposing of assets until an action at law on a debt can be concluded, no equitable cause of action is stated and no injunction should issue. B.L.F. Realty Corporation v. Mary Williams Co., 101 Fla. 254, 134 So. 47 (1931). An action for damages does not become an equitable action merely because a request for injunction is also made. Ramsey v. Lovett, 89 So.2d 669 (Fla. 1956).
Acquafredda v. Messina, 408 So.2d 828 (Fla. 5th DCA 1982).
As in Acquafredda v. Messina, supra, the appellee failed to assert any cause of action upon which an injunction could issue. The appellee did not ask for the available legal remedy of pre-judgment attachment but instead moved for injunctive relief. This procedure was improper and the preliminary injunction based thereon must be vacated.
Accordingly, the preliminary injunction in favor of the appellee is vacated and this case is remanded to the trial court for further proceedings consistent with this opinion.
VACATED and REMANDED.
ANSTEAD, HURLEY and DELL, JJ., concur.