498 So.2d 997 (1986)
Peter HILES, Individually and Derivatively On Behalf of the Stockholders of Auto Bahn Sales and Leasing, Inc., and On Behalf of Auto Bahn Sales and Leasing, Inc., Appellant,
v.
AUTO BAHN FEDERATION, INC., a Florida Corporation, and the Estate of Joseph A. Uzzo, Deceased, Appellees.
No. 4-86-1702.
District Court of Appeal of Florida, Fourth District.
December 10, 1986.
Rehearing Denied January 9, 1987.
*998 Edward E. Kuhnel, Palm Beach, for appellant.
Gregory Scott of Nason, Gildan, Yeager & Gerson, P.A., West Palm Beach, for appellees.
PER CURIAM.
Appellants Peter Hiles and Auto Bahn Sales and Leasing, Inc., filed this interlocutory appeal from non-final orders granting a temporary mandatory injunction and denying a motion to dissolve the injunction. We reverse.
A party seeking an injunction under general Florida case law must demonstrate: 1) irreparable harm; 2) a clear legal right; 3) an inadequate remedy at law; 4) consideration of the public interest. Finkelstein v. Southeast Bank, N.A., 490 So.2d 976, 980 (Fla. 4th DCA 1986). Since a temporary injunction is an extraordinary remedy, it should be granted sparingly and only after the moving party has alleged and proved facts entitling it to relief. Contemporary Interiors, Inc. v. Four Marks, Inc., 384 So.2d 734, 735 (Fla. 4th DCA 1980). Appellees failed to plead or prove all the requirements for issuance of an injunction.
First, appellees failed to specifically allege irreparable harm  appellees merely suggest the possible dissipation of assets from a corporate bank account. Furthermore, appellees failed to prove that such dissipation is irreparable harm. Injunctive relief may not be used to enforce money damages, or to prevent any party from disposing of assets until an action at law for an alleged debt can be concluded. Action Electric & Repair, Inc. v. Batelli, 416 So.2d 888 (Fla. 4th DCA 1982). Consequently, this alleged loss of money from a corporate bank account does not constitute irreparable harm because the loss can be compensated for by money damages, Action Electric, 416 So.2d at 889; Goldberger v. Regency Highland Condominium Association, 383 So.2d 1173 (Fla. 4th DCA 1980); and an action at law for the alleged debt in the instant case has not yet been concluded. Action Electric, 416 So.2d at 889. Without a showing of irreparable injury, the granting of an injunction is inherently *999 an abuse of discretion meriting reversal. Florida East Coast Railway v. City of Miami, 299 So.2d 152 (Fla. 3d DCA 1974), cert. denied, 304 So.2d 126 (Fla. 1974).
Second, appellees failed to plead that no adequate remedy at law existed. Orders granting injunctions to prevent an alleged dissipation of corporate assets have been reversed where there existed an adequate remedy at law. Mary Dee's, Inc. v. Tartamella, 492 So.2d 815 (Fla. 4th DCA 1986). In this instance, an adequate remedy at law exists since the injury can be redressed in a court of law and the disputed $90,000 can be fully compensated by a judgment for money damages. The possibility that a money judgment, once obtained, will not be collectible is irrelevant under the test of inadequacy of remedy at law. Id. at 816. Thus, injunctive relief was error because there was no showing of irreparable harm or lack of an adequate remedy at law.
REVERSED.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.