PER CURIAM.
This is an appeal from an order granting a motion for a temporary injunction. We reverse.
The sellers of a food business took back a promissory note, secured by certain stock owned by the buyers which was to be held in escrow. The agreement specified that the stock would be turned over to the sellers if the buyers’ defaulted on the note. Several months later, the buyers filed suit alleging breach of contract, and fraud, and sought a temporary injunction to keep the stock from being turned over to the sellers.
Both counts of the complaint merely seek money damages. There is no prayer for recission or any other equitable relief. As such, the result here is controlled by Action Electric and Repair, Inc. v. Batelli, 416 So.2d 888 (Fla. 4th DCA 1982), in which the plaintiff sought damages for breach of a promissory note. In that case, this court found that no facts had been alleged which would have sustained a grant of injunctive relief, and that the “motion for injunctive relief was insufficient to convert this cause from an action for damages to an equitable action.” Id. at 889. In order to obtain equitable relief, a complaint must offer and do equity toward the defendant. Taylor v. Rawlins, 86 Fla. 279, 97 So. 714 (1923).
Moreover, the injunction in the case at bar did not specify the reasons for its entry, as required by Florida Rule of Civil Procedure 1.610(c). Swensen v. Lofton, 457 So.2d 1069 (Fla. 2d DCA 1984).
The order granting the temporary injunction is therefore reversed.
HERSEY, C.J., and LETTS and STONE, JJ., concur.