566 So.2d 1377 (1990)
AIRLINES REPORTING CORPORATION, Appellant,
v.
INCENTIVE INTERNATIONALE TRAVEL, INC., Etc., Appellee.
No. 90-584.
District Court of Appeal of Florida, Fifth District.
September 20, 1990.
*1378 Robert C. Owens and Mark D. Solov of Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Miami, and J. Lester Kaney and Scott Cichon of Cobb, Cole & Bell, Daytona Beach, for appellant.
Dwight Chamberlin and Charles D. Hood of Monaco, Smith, Hood & Perkins, Daytona Beach, for appellee.
COWART, Judge.
This case involves a question of whether a temporary injunction can be used to maintain a principal-agent relationship which the principal desires to terminate.
Appellant Airlines Reporting Corporation (ARC or principal) is owned by major United States airlines and operates a nationwide clearing house for airline tickets, accrediting travel agents, providing agents with blank airline tickets ("traffic documents") and airline identification plates and receiving from authorized agents weekly reports and remittances for ticket sales.
In January, 1988, ARC, as principal, entered into an agency agreement with appellee Incentive Internationale Travel, Inc., as agent, and supplied the agent with the usual blank airline tickets and airline identification plates. At that time, the agent had a main office in Daytona Beach and a branch office in Orlando, Florida. The agency agreement provided that any assignment or transfer of the assignment by the agent was subject to the approval of the principal and further provided for termination at any time by notice to the agent from the principal.
In August, 1988, the agent entered into an agreement to sell its Orlando branch office business to appellee Telerez, Inc., which sales agreement was expressly contingent on Telerez being approved by, and being appointed an agent of, the principal ARC. The agent and Telerez requested ARC as principal to approve Telerez and the change of ownership of the Orlando branch office. Pending such approval, the agent authorized Telerez to take possession of, and to operate, the Orlando branch office and the principal continued to supply airline tickets to the Orlando branch office. Several months later, the agent was notified by the principal that the Orlando branch office operated by Telerez had failed to remit some $12,713.36 due for sales of airline tickets. The agent thereupon paid that sum to the principal. After further sales of tickets by Telerez, the agent recovered the ticket stock and airline identification plates from the Orlando *1379 branch office and informed the principal to stop processing the request for approval of the change of ownership of the Orlando branch office. The principal demanded $171,526.75 from the agent for tickets sold by Telerez out of the Orlando branch office and when that sum was not paid, the principal gave the agent notice of termination of the agency agreement and demanded the return of all its blank airline tickets and airline identification plates.
The agent filed a petition for a temporary restraining order to prohibit the principal from terminating the agency agreement. The principal counterclaimed against the agent (and filed a third party complaint against Telerez) seeking monetary damages and a writ of replevin to recover possession of all its blank airline tickets and airline identification plates.
The trial court entered a preliminary injunction enjoining the principal from terminating its agency agreement and granted the principal a writ of replevin to recover all traffic documents and airline identification plates issued to the agent or Telerez in Orange County, but authorized the agent to retain 200 blank airline tickets and airline identification plates in the home office in Daytona Beach. The trial court required the principal to post a $1,614,886.00 replevin bond but did not require the agent to post a temporary injunction bond. The principal appeals. We reverse.
The basic dispute between the principal and agent is whether the agent is liable to the principal for payment of the $171,526.75 for sales of airline tickets made by Telerez at the Orlando branch office. Another question is whether the principal can terminate the agency agreement between the parties. The ARC Agent Reporting Agreement created a principal-agent relationship between the principal ARC and the agent Incentive and expressly provides that it may be terminated by notice in writing from the principal to the agent effective immediately upon receipt of the notice or upon the date indicated therein. Because the principal-agent relationship is based upon the trust and confidence of the principal in the agent, and because the principal is legally liable for the acts of his agent, when a principal no longer has the necessary confidence in the agent and is no longer willing to be liable for the agent's acts, the principal can protect itself by revoking and terminating the agency relationship, even in the absence of an express provision to that effect as is contained in the agency agreement in this case, and even if a termination of a relationship might leave the principal legally liable to the agent for damages for an express or implied promise not to revoke. Bowling v. National Convoy and Trucking Co., 101 Fla. 634, 135 So. 541, 544 (1931); Peacock v. American Agronomics Corp., 422 So.2d 55 (Fla. 2d DCA 1982). Accordingly, under such circumstances, a court of equity should not, by injunction or specific performance, maintain the principal-agent relationship against the will of the principal and should normally relegate the agent to its remedy for monetary damages, if any are legally due, for breach of the agency agreement.
The given reason for the equitable remedy of temporary injunction is to maintain the status quo pending a final hearing but the underlying reason for preserving the status quo is to prevent irreparable harm resulting from damages caused by a change in the status quo. See lieberman v. Marshall, 236 So.2d 120 (Fla. 1970); Bowling, 135 So. at 544; Injunctive Relief in Florida, 4 U.Fla.L.Rev. 571 (1951). Here the principal desired and required return of its blank tickets and identification plates to protect itself from further damages. To enjoin the principal from terminating the agency relationship, and to deny the principal the right to recover its blank airline tickets and identification plates leaves it vulnerable to further damages. Thus the temporary injunction in this case defeats the very purpose of the remedy.
In this case the agent has not demonstrated a clear legal right to prevent the principal from terminating the principal-agent relationship and therefore the agent here has not shown the clear legal right to recovery necessary to justify the issuance of a temporary injunction.
*1380 The trial court further erred in granting the temporary injunction without requiring an adequate bond as required by Florida Rule of Civil Procedure 1.610(b). The fact that, as a condition of the original agency agreement, the agent had given the principal a stand-by letter of credit for $25,000 as security, was not a proper reason for the court to not require a temporary injunction bond in view of the fact that the disputed amount already involves $171,526.75, a sum greatly in excess of the letter of credit, and the potential liability of the principal for the agent's acts is great.
The temporary injunction is vacated and the cause is remanded with directions to grant the principal an unqualified writ of replevin to recover possession of all of its property and for resolution of the primary basic issues framed by the pleadings.
REVERSED AND REMANDED WITH DIRECTIONS.
DAUKSCH and HARRIS, JJ., concur.