DELL, Judge.
Arthur Lipper, III appeals an order denying his motion to dissolve a temporary injunction entered without notice.
The trial court entered the temporary injunction based upon pleadings and affidavits submitted by appellee. At the hearing on appellant’s motion to dissolve the injunction, the trial court announced that appellee had only the burden to prove that he had a clear legal right to have the temporary injunction remain in full force and effect. Appellee presented evidence sufficient to meet this burden, but failed to introduce evidence that he would suffer irreparable harm and that he had no adequate remedy at law. After hearing the evidence and argument of counsel, the trial court denied appellant’s motion to dissolve the injunction.
We hold that the trial court erred when it limited appellee’s burden of proof to the issue of whether he had a clear legal right to continue the temporary injunction. Appellee had the burden to show that the complaint and supporting affidavits were sufficient to support the injunction. See State v. Beeler, 580 So.2d 932, 934 (Fla.1988). To support the injunction, appellee had to show that the trust, for which he was a trustee, would suffer irreparable harm and that he had no adequate remedy at law. See Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997, 998 (Fla. 4th DCA 1986) (citing Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986)). Therefore, we reverse the order denying appellant’s motion to dissolve the injunction.
We also remand this cause for a further evidentiary hearing on appellant’s motion. The same witnesses who testified at the hearing furnished the affidavits which the court apparently considered when it granted the temporary injunction. Obviously, appellee could have elicited the information contained in their affidavits but for the limitations set by the court. When appellee offered to proffer evidence by affidavit and live testimony which would have shown that the individual making disbursements on behalf of the trust felt that he was frozen by the competing demands of the two trustees, the court questioned whether that issue was before him. As a result of this uncertainty, appellee did not proffer this evidence. Under the circumstances, we do not believe that the trial court’s limitation of appellee’s burden of proof should deprive him of the opportunity to introduce evidence which may establish the remaining elements necessary to sustain the injunction. Accordingly, we reverse and remand this cause for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
HERSEY, J., concurs.
GUNTHER, J., concurs in part and dissents in part.