GUNTHER, Judge,
concurring in part and dissenting in part.
I agree that the order denying defendant Lipper’s motion to dissolve the ex parte temporary injunction should be reversed. Since Kann failed to meet his burden of proof at Lipper’s motion to dissolve, I disagree that the cause should be remanded for another hearing. To do so will give Kann a second opportunity to meet his burden of proof. Accordingly, I would reverse and remand to the trial court with instructions to vacate both the order denying Lipper’s motion to dissolve and the *817 order granting Kann’s motion for temporary injunction without notice.
At a hearing on a motion to dissolve, although the defendant is the movant, the plaintiff clearly has the initial burden “to show that the complaint and supporting affidavits are sufficient to support the injunction.” State v. Beeler, 530 So.2d 932, 934 (Fla.1988). Furthermore, a party seeking a temporary injunction must prove (1) irreparable harm, (2) a clear legal right, (3) an inadequate remedy at law, and where applicable, (4) consideration of the public interest. Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986).
In the instant case, at the hearing on the motion to dissolve Kann’s counsel recognized that he had the burden of initially going forward with proof to show support for the injunction. But Kann’s counsel never indicated to the trial court what essential elements he was required to prove and what he intended to prove in order to successfully meet his burden. At every stage of the hearing, Lipper’s counsel repeatedly and correctly advised the trial court of the essential elements that Kann was required to prove in order to meet his burden. It is notable that Kann’s counsel never once contradicted Lipper’s counsel’s statement concerning the plaintiff’s burden of proving the essential elements. Instead, Kann’s counsel simply acquiesced to the trial court’s error of limiting him to only having to prove one of the essential elements to be entitled to the issuance of a temporary injunction. Since the law on this burden is so clear and Kann’s counsel made no attempt whatsoever to dispute the accuracy of Lipper’s counsel’s statement concerning the plaintiff’s burden of proof, I conclude that the plaintiff should not be permitted to capitalize on the trial court’s error. In light of the extraordinary nature of a temporary injunction, I believe that it is unjust to permit Kann a second opportunity to meet his burden to avoid Lipper’s motion to dissolve. Accordingly, I would remand to the trial court to vacate both the order denying Lipper’s motion to dissolve and the order granting the ex parte motion for temporary injunction.