COBB, Judge.
The issue on this appeal is whether the trial court erred in denying a motion to dissolve an injunction.
The appellant, Gerald Petriccione (Petric-cione), executed a contract with the appel-lees, Ocean Landings Condominium Association, Inc. (Ocean Landings), whereby Pe-triccione was to collect past due maintenance fees for a commission. The contract could be terminated by either party with thirty days notice. Ocean Landings gave notice of cancellation on July 12, 1991, meaning that Petriccione could arguably continue collection activity for thirty days or until August 12, 1991.
Prior to August 12, 1991, $20,000 had been received in maintenance fee payments by Petriccione. Apparently, Petriccione would not tender this amount to Ocean Landings until he received an accounting. On September 23, 1991, Ocean Landings filed a two count complaint alleging breach of contract and requesting a temporary and permanent injunction.
Generally, Ocean Landings claimed that Petriccione engaged in several intentional acts since July 12, 1991, which were in direct violation of the terms of the contract so that it had suffered “irreparable injury and harm” due to the inability to receive payment and correspondence from the unit owners. Additionally, Ocean Landings claimed it had no adequate remedy at law.
A hearing was held on October 2, 1991, and a few days later, the trial court was advised that Petriccione deposited funds of approximately $9,000 after August 12, 1991. The trial court ordered Petriccione to pay this amount to Ocean Landings immediately, and he did so. On October 17, 1991, the trial court entered a temporary injunction precluding Petriccione from collecting and retaining any maintenance fee payment and requiring that all such payments, correspondence, notices, etc., were to be immediately delivered to Ocean Landings. Petriccione was also enjoined from disposing of the $20,000 in his possession and given the option of either depositing the funds with the clerk of the court or *216 posting an injunction bond and turning the money over to Ocean Landings. The trial court subsequently held Petriccione in contempt for not depositing the $20,000 with the clerk of the court. Petriccione’s motion to dissolve this contempt order was denied.
On appeal, Petriccione claims that the complaint filed by Ocean Landings essentially asked for money damages, and, as such, Ocean Landings had an adequate remedy at law. We tend to agree, but do not rule on this point,[1] since there was no basis to continue the injunction.[2] Monies supposedly received by Petriccione after August 12th were immediately turned over to Ocean Landings and there is nothing in the record to suggest Petriccione attempted any more collections, received any further client correspondence, or retained any company records or documents. Digaeteno v. Perotti, 374 So.2d 1015 (Fla. 3d DCA 1979); see also, Konover Realty Associates, Ltd. v. Mladen, 511 So.2d 705 (Fla. 3d DCA 1987); Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986); Action Electric & Repair, Inc. v. Batelli, 416 So.2d 888 (Fla. 4th DCA 1982).
Accordingly, the order appealed is reversed and the cause remanded to the trial court with instructions to grant the motion to dissolve.
REVERSED AND REMANDED.
W. SHARP and PETERSON, JJ., concur.

. See Acquafredda v. Messina, 408 So.2d 828, 829 (Fla. 5th DCA 1982).

. It is axiomatic that the failure to post a bond to pay costs, damages or expenses, in the event of an improper temporary injunction, will warrant vacating the injunction. See Airlines Reporting Corp. v. Incentive Internationale Travel, Inc., 566 So.2d 1377, 1380 (Fla. 5th DCA 1990).