GRIFFIN, Judge.
This appeal involves the interpretation of this court’s opinion in an earlier appeal concerning an injunction entered by the court below.[1]
Our earlier opinion requiring dissolution of the injunction was predicated upon the lack of continuing need for any injunction and the court’s failure to require the posting of a bond that included provision for payment of costs and damages sustained by appellee if the injunction turned out to have been wrongfully issued. 615 So.2d at 216 n. 2 and accompanying text. The opinion reflects that this court’s ruling that injunctive relief was unnecessary was based, in part, on the fact that the post August 12, 1991 collections had already been disgorged.
Given the multiple stated bases for this court’s opinion, the lower court’s cautious decision on remand to order these post August 12, 1991 collections to be deposited by appellant into the registry of the court was not error. Appellant acquired no vested right to possession of the funds by virtue of the court’s original order. The lower court’s initial order was interlocutory and the object of an order of dissolution from this court. Consistent with our earlier opinion, it would have been appropriate for the lower court to order the posting of a bond in order for Ocean Landings to continue the sequestration of these monies in the court registry; however, appellee has not raised this issue on appeal.
Appellee does maintain (without cross-appeal) that it should have possession of the *844 funds because no order affecting these funds was proper pendente lite since all of appellant’s claims are actions at law seeking money damages. We note, however, that appellant alleged that any monies collected by appellee after the effective cancellation of the agreement were monies belonging to the appellant. Appellee has never asserted any right to collect funds belonging to Ocean Landings after August 12, but merely claims a right of setoff, based on its contract claims, against the post August 12 monies it collected without any right to do so. It was not error to order these monies placed in the registry of the court. The appealed order is affirmed.
AFFIRMED.
HARRIS, C.J., and DAUKSCH, J., concur.

. Petriccione v. Ocean Landings Condominium Association, Inc., 615 So.2d 215 (Fla. 5th DCA 1993).