PER CURIAM.
Gerald Proctor, the defendant in an action for breach of a dairy cattle lease agreement, appeals the entry of a temporary injunction. The temporary injunction is contrary to the law and must be reversed.
The complaint alleges that Proctor leases dairy cattle from the plaintiff, Betty Anne Eason, and has failed to make monthly rental payments as required by the lease agreement. According to the complaint, the lease provides that all milk produced is the property of Proctor, who sells the milk to the Florida Dairy Farmers Association (FDFA).
The complaint claims that “the only legal remedy available to plaintiff is to enjoin [FDFA] from paying whatever monies are due and owing to [Proctor] and requests that this court require [FDFA] to place said monies into the registry of the court for later judicial determination.” The complaint contains no allegation that Eason has a legal interest of any type in the funds that are owed to Proctor for the sale of milk to FDFA.
“An injunction cannot be used to enforce money damages or to prevent a party from disposing of assets prior to the conclusion of an action at law.” Lawhon v. Mason, 611 So.2d 1367, 1368 (Fla. 2d DCA 1993); Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997, 998 (Fla. 4th DCA 1986). “Without a showing of irreparable injury, the granting of an injunction is inherently an abuse of discretion meriting reversal.” Hiles at 998.
Furthermore, “[i]t is entirely settled by a long and unbroken line of Florida cases that *1302 in an action at law for money damages, there is simply no judicial authority for an order requiring the deposit of the amount in controversy into the registry of the court.” Konover Realty Associates, Ltd. v. Mladen, 511 So.2d 705, 706 (Fla. 3d DCA 1987).
In this action for damages for breach of a lease, Eason has failed to show the unavailability of an adequate remedy at law and the likelihood of irreparable harm, two essential requirements for injunctive relief. Thus, the temporary injunction was improper.
The case is reversed and remanded for dissolution of the injunction.
RYDER, A.C.J., and BLUE and FULMER, JJ., concur.