PER CURIAM.
Appellant appeals from non-final orders granting a temporary injunction enjoining it from transferring any of its assets and appointing a receiver to operate its business, and denying its motion to dissolve the injunction.
Halid Ibrahimovic and his wife filed a personal injury action against Appellant and the other two appellees to recover money damages for injuries Ibrahimovic allegedly sustained in an automobile accident with another defendant who, in the scope of his employment with Appellant, was driving a truck leased to Appellant. The temporary injunction enjoined Appellant, a Florida corporation engaged in performing earthwork on construction projects and loading and hauling materials for these projects, from “hiding, concealing, transferring, selling, absconding, diminishing the value, or any other manner affecting the possessory interest” in its assets, so that those assets would be available to pay a money judgment in the event the Ibrahimovics recover one.
The trial court abused its discretion in granting the injunction because the Ibrahi-movics did not demonstrate irreparable harm and an inadequate remedy at law. See Hiles v. Auto Bahn Federation, Inc., 498 So.2d 997 (Fla. 4th DCA 1986). The fact that Appellant had allowed its commercial motor vehicle insurance to lapse prior to the accident, without reinstating it until afterward, making collectibility of the hoped-for money judgment doubtful, does not change that result.
We reverse and direct the trial court on remand to dissolve the temporary injunction.
GUNTHER, FARMER and KLEIN, JJ., concur.