TORPY, J.
 

 In these consolidated appeals, we address disputes between State Farm and its insureds concerning when it is obligated to pay for subsurface sinkhole repats under its homeowners’ policies. Relying on a statute, State Farm contends that it need not pay for these repats until after the homeowners enter into contracts for the
 
 *905
 
 performance of the repairs, notwithstanding language in its policies to the contrary. The insureds contend that the policy language, not the statute, controls and that payment is due within sixty days after the amount of the loss is settled by appraisal. We agree with the insureds and accordingly affirm.
 

 In each of the cases here, appraisal awards separately listed the amount of above-ground damages and the amount of subsurface damages caused by sinkholes. State Farm promptly tendered a check to each of the homeowners for the total amount designated as above-ground damages, but it did not tender the amount designated as subsurface damages, contending that that amount was not due until the homeowners entered into contracts for those repairs.
 

 The homeowners’ policies clearly require State Farm to pay the full amount of an appraisal award within sixty days of the award. They provide, in pertinent part, as follows:
 

 SECTION I — CONDITIONS
 

 [[Image here]]
 

 10. Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable:
 

 a. 20 days after we receive your proof of loss and reach agreement with you; or
 

 b. 60 days after we receive your proof of loss and:
 

 (1) there is an entry of a final judgment; or
 

 (2) there is a filing of an appraisal award with us.
 

 Notwithstanding this language, State Farm contends that it is authorized by section 627.707(5)(b), Florida Statutes (2007), to withhold the funds until the homeowners have contracted for the repairs. This statute provides in pertinent part:
 

 The insurer may limit its payment to the actual cash value of the sinkhole loss, not including underpinning or grouting or any other repair technique performed below the existing foundation of the building, until the policyholder enters into a contract for the performance of building stabilization or foundation repairs. After the policyholder enters into the contract, the insurer shall pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred. The insurer may not require the policyholder to advance payment for such repairs.
 

 We construe this language as permissive, not mandatory. Because it is permissive, the policy language that requires payment of subsurface repairs within sixty days after the appraisal award is not in conflict with the statute and is binding on the parties to the insurance contract.
 

 We decline to address the issue of entitlement to attorney’s fees below because the trial court has not yet ruled on this issue. We also find it unnecessary to address the issue concerning the construction of section 627.702(l)(a), Florida Statutes (2007), which is addressed in one of the appeals.
 

 AFFIRMED.
 

 EVANDER, J. and MOXLEY, J.D., Associate Judge, concur.