[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2011
JOHN LEY
CLERK

_____

No. 11-11406
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-20374-AJ

AMERICAN UNIVERSITY OF THE CARIBBEAN, N.V.,
a Netherlands Antilles company,

Plaintiff - Appellant,

versus

CARITAS HEALTHCARE, INC.,
a New York corporation formerly known as
Caritas Healthcare Planning, Inc.,
WYCKOFF HEIGHTS MEDICAL CENTER,
a New York corporation,
BROOKLYN QUEENS HEALTHCARE, INC.,
a New York corporation,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2011)

Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff American University of the Caribbean, N.V. ("AUC") appeals from final orders of the district court denying AUC's motion for attorney's fees and motion for reconsideration of that denial. The district court denied AUC's motions after granting summary judgment in favor of AUC and against Defendants Wyckoff Heights Medical Center ("Wyckoff") and Brooklyn Queens Healthcare, Inc. ("BQHC"), jointly and severally, in the amount of $4,915,948.75 plus interest, in a breach of contract action arising out of a promissory note agreement ("the Note") lending money to Caritas Healthcare, Inc. ("Caritas"), a wholly owned subsidiary of BQHC, which also operates Wyckoff. On appeal, AUC argues that the district court erred in denying its motions because it failed to read the Note as a whole. After careful review, we affirm.

We review de novo a district court's interpretation of a contract's attorney's fee provision. Frankenmuth Mut. Ins. Co. v. Escambia Cnty., 289 F.3d 723, 728 (11th Cir. 2002). When attorney's fees are authorized, we review the district court's decision to grant or deny them for abuse of discretion. Davis v. Nat'l Med. Enters., Inc., 253 F.3d 1314, 1318-19 (11th Cir. 2001). We review a district court's denial of a motion for reconsideration for abuse of discretion. Cliff v. Payco Gen. Am. Credits,

2

Inc., 363 F.3d 1113, 1121 (11th Cir. 2004).

In this case, AUC, as the prevailing party in the underlying lawsuit, seeks attorney's fees from Defendants BQHC and Wyckoff based on the Note. In pertinent part, ¶ 14 of the Note provides:

> The Borrower, and each of them, if more than one, jointly and severally, promises and agrees to pay in the event of Default, all costs and expenses incurred in the collection of this Note Agreement, including reasonable attorney's fees and costs.

[D. E. 100 at 22]. The Note identifies the relevant parties as follows:

> Caritas Healthcare Planning, Inc. ("Caritas" or "Borrower") [is] a New York corporation with offices located at 374 Stockholm Street, Brooklyn, New York 11237, and a wholly-owned subsidiary of Brooklyn Queens Healthcare, Inc. ("Brooklyn Queens"). . . . Brooklyn Queens also operates Wyckoff Heights Medical Center ("Wyckoff"). . . .

[Id. at 16].

Paragraph 17 of the Note further provides:

> Borrower and all sureties, endorsers and guarantors of this Note Agreement hereby . . . (e) agree that, notwithstanding the occurrence of any of the foregoing (except the express written release by Lender or any such person), they shall be and remain jointly and severally, directly and primarily, liable for all sums due under this Note Agreement, and any other documents securing this Note Agreement.

[Id. at 23].

As the district court found, the Note unambiguously forces only "the Borrower"

3

to pay reasonable attorney's fees and costs spent on collecting upon the Note. The Note further defines the "Borrower" only as Caritas, and not Wyckoff or BQHC. Because Florida law, the applicable law here, requires contractual provisions for attorney's fees to "unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable," Sholkoff v. Boca Raton Comm. Hosp., Inc., 693 So. 2d 1114, 1118 (Fla. Dist. Ct. App. 1997) (requiring parties to "manifest in some clear way" an agreement to indemnify for attorney's fees through express language evidencing a "meeting of the minds"), we cannot say that the Note unambiguously provides that AUC can recover attorney's fees from Wyckoff or BQHC. AUC therefore is not entitled to fees. See Fla. Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1148 (Fla. 1985) ("[A]ttorney fees may be awarded by a court only when authorized by statute or by agreement of the parties.").

AUC argues that by signing the Note, BQHC and Wyckoff became "sureties, endorsers and guarantors" of the Note, and thereby agreed to pay any attorney's fees as a "sum due under this Note," pursuant to ¶ 17. However, Florida law recognizes the "doctrine of expressio unius est exclusio alterius," which "instructs that when certain matters are mentioned in a contract, other similar matters not mentioned were intended to be excluded." In re Celotex Corp., 487 F.3d 1320, 1334 (11th Cir. 2007) (quotation omitted); accord Shumrak v. Broken Sound Club, Inc., 898 So. 2d 1018,

4

1020 (Fla. Dist. Ct. App. 2005). The Note did not include BQHC or Wyckoff in the attorney's fees provision, ¶ 14, even though it discussed the parties by their defined names in ¶¶ 2, 3, 4, 5, and 19 -- suggesting that if the parties had intended BQHC or Wyckoff to be liable for attorney's fees, they would have been expressly listed in that provision.

Moreover, even assuming that the Note was referring to BQHC and Wyckoff as "sureties, endorsers and guarantors" in the general "all sums due" provision, ¶ 17, this provision did not make any reference to attorney's fees. Because "[a] contract provision specifically dealing with a particular subject controls over a general provision dealing with that same subject," Colonial Bank, N.A. v. Taylor Morrison Serv., Inc. 10 So. 3d 653, 655-56 (Fla. Dist. Ct. App. 2009), we cannot presume that the parties intended BQHC or Wyckoff to be liable for the attorney's fees listed in ¶ 14.

In short, reading the Note as a whole, we cannot agree with AUC that it is entitled to recover attorney's fees from BQHC or Wyckoff, based solely on a general contractual provision, when the specific attorney's fees provision made no reference to these parties. The district court therefore did not err in denying fees to AUC, or in denying its motion for reconsideration.

**AFFIRMED.**

5