PER CURIAM.
 

 Duane DuCharme, Tai T. Huynh, New Life Generation, Inc., and Allograft Innovations, LLC, (collectively Allograft Innovations) appeal the entry of a temporary injunction against the use of alleged trade secrets belonging to TissueNet Distribution Services, LLC, Surgical Tissue Network, Inc., and TissueNet Custom Applications, LLC (collectively TissueNet).
 
 [1]
 
 TissueNet did not file a brief in this appeal.
 

 Allograft Innovations and TissueNet are in the business of harvesting and distributing tissue (mainly bones and tendons) from human cadavers to be transplanted into living persons. A transplant of tissue from one person to a genetically dissimilar person is called an allograft. Allograft
 
 *557
 
 manufacturers, such as Allograft Innovations and TissueNet, are required to sterilize the tissue that they harvest from cadavers so that it is safe for transplantation into living persons.
 

 TissueNet hired Mr. Huynh to develop a chemical cleaning protocol to be used prior to sterilization, and it is the protocol that Mr. Huynh developed for TissueNet that TissueNet alleged in the trial court is a trade secret that was misappropriated by Allograft Innovations. TissueNet brought suit against Allograft Innovations after Mr. Huynh resigned from TissueNet and began to develop a chemical cleaning protocol for Allograft Innovations. Tis-sueNet asserted in the suit that Mr. Huynh breached his employment and confidentiality agreements and that Allograft Innovations misappropriated TissueNet’s chemical cleaning protocol. Although the employment and confidentiality agreements contain confidentiality provisions and a customer-based non-solicitation provision, TissueNet did not obtain a non-compete agreement from Mr. Huynh.
 

 We reverse the temporary injunction under review for the following reasons: 1) although TissueNet alleged that its trade secrets consist of the times, temperatures, and concentrations of the chemicals used in its protocol, TissueNet did not prove that Allograft Innovations uses the same times, temperatures, and concentrations of chemicals in its protocol; 2) at most TissueNet may have succeeded in establishing that Allograft Innovations’ cleaning process includes the same chemicals used by TissueNet in its cleaning process, but the identity of those chemicals are well known in the industry and Tis-sueNet conceded in the trial court that they do not form a part of TissueNet’s trade secrets; 3) TissueNet failed to prove that Allograft Innovations is using a protocol that is materially the same as the protocol that Mr. Huynh developed for TissueNet; 4) the protocol Mr. Huynh developed for Allograft Innovations was modeled from the protocol provided by Nova Sterillis, which is a company Mr. Huynh worked with to develop the protocol for Allograft Innovations; 5) Mr. Huynh used his education, knowledge, skill, and experience in conjunction with Nova Sterillis and its protocol to develop the protocol for Allograft Innovations; 6) Mr. Huynh did not breach his employment and confidentiality agreements with TissueNet and, if TissueNet wanted to prevent Mr. Huynh from working for a competitor, TissueNet should have obtained a non-compete agreement from Mr. Huynh, and it did not do so; and 7) TissueNet failed to demonstrate a substantial likelihood of success on the merits.
 
 [2]
 

 REVERSED.
 

 SAWAYA, LAWSON and COHEN, JJ., concur.
 

 [1]
 

 . Appellant Duane DuCharme is the owner of New Life Generation, Inc., which is a not-for-profit company that recovers tissue from donors and supplies it to tissue processing companies such as TissueNet. DuCharme is also the owner of Allograft Innovations, LLC.
 

 [2]
 

 . In
 
 Colonial Bank, N.A. v. Taylor Morrison Services, Inc.,
 
 10 So.3d 653 (Fla. 5th DCA 2009), this court explained:
 

 Injunctions are an extraordinary remedy, which must be granted sparingly.
 
 Hiles v. Auto Bahn Fed’n, Inc.,
 
 498 So.2d 997, 998 (Fla. 4th DCA 1986). A temporary injunction may be entered if the party seeking the injunction establishes the following: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) consideration of the public interest.
 
 Yardley v. Albu,
 
 826 So.2d 467, 470 (Fla. 5th DCA 2002).
 

 
 *558
 

 Id.
 
 at 655;
 
 see also St. Johns Inv. Mgmt. Co. v. Albaneze,
 
 22 So.3d 728 (Fla. 1st DCA 2009),
 
 review denied,
 
 36 So.3d 655 (Fla.2010).