ORFINGER, J.
State Farm Florida Insurance Company appeals the trial court’s order requiring it to pay replacement costs for subsurface sinkhole repairs before its insureds, Fred and Carol Phillips, contracted for the necessary repairs. We reverse.
The facts are not in dispute. In July 2010, State Farm issued the Phillipses a homeowner’s insurance policy that contained a general loss payment clause as well as a separate sinkhole and catastrophic ground cover collapse coverage clause. The general loss payment clause reads, in pertinent part:
8. Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable:
a. 20 days after we receive proof of loss and reach agreement with you; or
b. 60 days after we receive your proof of loss and:
(1) there is an entry of a final judgment; or
(2) there is a filing of an appraisal award with us.
The sinkhole and catastrophic ground" cover collapse coverage clause included a loss *507 settlement provision, which reads, in pertinent part:
SECTION 1 — LOSS SETTLEMENT The following is added:
COVERAGE A — DWELLING and COVERAGE B — PERSONAL PROPERTY
If a covered loss resulting from a sinkhole is verified and the dwelling or personal property is Insured on the basis of replacement cost:
1. we may limit our payment to the actual cash value of the sinkhole loss ... until you enter into a contract for the performance of building stabilization or foundation repairs. After you enter into a contract, we will pay the amounts necessary to begin and perform such repairs as the work is performed and as expenses are incurred. We may not require you to advance payment for such repairs....
In February 2011, a sinkhole damaged the Phillipses’ home. Following a dispute over the amount that State Farm owed, the Phillipses sued to compel an appraisal. The ensuing appraisal established the amount of the loss, including amounts for building stabilization and foundation repairs. The Phillipses moved for judicial confirmation of the appraisal award. State Farm responded that the sinkhole loss settlement clause and section 627.707(5)(b), Florida Statutes (2010),[1] on which that clause was modeled, authorized it to withhold partial payment for subsurface repairs until the Phillipses had contracted for those repairs. The trial court disagreed with State Farm and ruled that the statute and the sinkhole loss settlement clause in the policy were permissive, and did not allow State Farm to withhold payment for the replacement costs for subsurface repairs. State Farm appeals that order.
 We review the trial court’s interpretation of an insurance contract and statutes de novo. E.g., Kingsway Amigo Ins. Co. v. Ocean Health, 63 So.3d 63, 66 (Fla. 4th DCA 2011); Biltmore Constr. Co. v. Owners Ins. Co., 842 So.2d 947, 949 (Fla. 2d DCA 2003). Legislative intent is the polestar of statutory interpretation, but when a statute is clear or unambiguous, the reviewing court should not resort to the rules of statutory instruction. Instead, the reviewing court should give effect to the statute’s express terms, and its reasonable or obvious implications. E.g., Kingsway, 63 So.3d at 66-67. The same rules apply to the interpretation of insurance policies. See, e.g., Discover Prop. & Cas. Ins. Co. v. Beach Cars of W. Palm, Inc., 929 So.2d 729, 733 (Fla. 4th DCA 2006). The intent of the parties governs, but “[ejourts should resort to complex rules of construction to determine coverage or the applicability of exclusions only when the language used in the policy is ambiguous or otherwise susceptible of more than one meaning. Absent such factors courts should apply the plain meaning of words and phrases used in a policy of insurance.” *508 Arias v. Affirmative Ins. Co., 944 So.2d 1195, 1197 (Fla. 4th DCA 2006) (quoting Se. Fire Ins. Co. v. Lehman, 443 So.2d 408, 408-09 (Fla. 4th DCA 1984)). “If possible, conflicting provisions of a contract are to be read in such a way as to give a reasonable interpretation and effect to all provisions.” Beach Cars, 929 So.2d at 738; see also U.S. Fire Ins. Co. v. J.S.U.B., Inc., 979 So.2d 871, 877 (Fla.2007) (requiring courts to endeavor to give effect to every provision). Specific provisions of a contract control over general conditions. Underwriters of Lloyds of London v. Cape Publ’ns, Inc., 63 So.3d 892, 896 (Fla. 5th DCA 2011) (citing Colonial Bank, N.A. v. Taylor Morrison Servs., Inc., 10 So.3d 653, 655 (Fla. 5th DCA 2009)). This is equally true with regard to insurance contracts. See Herring v. Horace Mann Ins. Co., 795 So.2d 209, 212 (Fla. 4th DCA 2001) (holding, when provisions of insurance policy conflict, “[w]e recognize the clear rule of construction that a specific provision in a policy governs over a general provision”).
In ordering State Farm to pay for the replacement costs for subsurface repairs, the trial court relied on our holding in State Farm Florida Insurance Co. v. Nichols, 21 So.3d 904 (Fla. 5th DCA 2009). After a sinkhole damaged the Nicholses’ home, they asserted a claim against State Farm, their homeowner’s insurance company. Following an appraisal, State Farm refused to pay the entire amount designated as subsurface damages, contending, as they do here, that the entire amount was not due until the Nicholses entered into a contract for those repairs. The Nicholses’ policy contained a general loss payment clause identical to the one found here. However, their policy did not incorporate the separate sinkhole loss settlement clause authorized by section 627.507(5)(b), and found in the Phillipses’ policy. Finding the statute to be permissive, we held that State Farm could not take advantage of the alternate payment methodology that the statute allowed because the policy did not incorporate the statutory payment method. Nichols, 21 So.3d at 905. Our holding in Nichols is consistent with Florida case law interpreting other statutes which permit an insurer to limit payment if the insurance policy clearly and unambiguously elects an alternative statutory payment method. See, e.g., Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc., — So.3d -, -, 2013 WL 3332385, 38 Fla. L. Weekly S517, S517, S521 (Fla. July 3, 2013); Kingsway, 63 So.3d at 67 (citing Maryland Cas. Co. v. Murphy, 342 So.2d 1051, 1052 (Fla. 3d DCA 1977)); see also Geico Indem. Co. v. Virtual Imaging Servs., Inc., 79 So.3d 55, 57 (Fla. 3d DCA 2011) (citing Kingsway, 63 So.3d at 67-68).
In the instant case, section 627.707(5)(b) gave State Farm the authority to withhold payment for the replacement costs of the necessary subsurface repairs until the Phillipses contracted for those repairs. State Farm incorporated the statute’s language into the policy, which distinguishes this case from Nichols, and allows State Farm to exercise the holdback authorized by the statute. See Geico Gen. Ins. Co., 38 Fla. L. Weekly at S521, — So.3d at-(requiring election in policy of statutorily authorized payment limit); Kingsway, 63 So.3d at 67 (same). The policy is not ambiguous. To construe the policy otherwise would render the sinkhole loss settlement provision meaningless.
For these reasons, we reverse the trial court’s judgment to the extent that it required State Farm to pay the replacement cost for stabilization and foundation repairs before the Phillipses entered into a contract for those repairs.
*509 AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA and EVANDER, JJ., concur.

. Section 627.707(5)(b), Florida Statutes (2010), reads, in pertinent part:
The insurer may limit its payment to the actual cash value of the sinkhole loss, not including underpinning or grouting or any other repair technique performed below the existing foundation of the building, until the policyholder enters into a contract for the performance of building stabilization or foundation repairs. After the policyholder enters into the contract, the insurer shall pay the amounts necessary to begin and perform such repairs as the work is performed and the expenses are incurred. The insurer may not require the policyholder to advance payment for such repairs.
This statute has since been reorganized and reworded. See § 627.707(5)(a) & (c), Fla. Stat. (2013).