WALLACE, Judge.
Lyle Larson petitions for review by cer-tiorari of a nonfinal order entered in his action for the alleged breach of his homeowners’ insurance policy written by State Farm Florida Insurance Company. The underlying action stems from sinkhole damage to Mr. Larson’s residence. The order under review rules that State Farm is not obligated to tender payment for the subsurface repairs to the residence under an appraisal award until Mr. Larson enters into a contract for the subsurface repairs. Because Mr. Larson has not demonstrated that the order under review causes material harm that cannot be remedied on appeal, we dismiss the petition.
*503 I. THE FACTS AND PROCEDURAL HISTORY
Mr. Larson had a homeowner’s policy with State Farm effective from February 21, 2011, to February 21, 2012. The policy provided coverage for sinkhole damage, and Mr. Larson sustained sinkhole damage to his home on May 23, 2011. When Mr. Larson and State Farm could not agree on the amount of the loss, Mr. Larson filed the underlying action against State Farm.
Because this case comes to us as a petition for a writ of common law certiorari, we have only the appendices provided by the parties for a record. The appendices do not include the complaint filed by Mr. Larson or State Farm’s answer. We also do not know if State Farm pleaded a counterclaim or if Mr. Larson filed a reply. Thus we are left to guess about the claims asserted by the parties in the underlying action.
Mr. Larson moved for an order compelling an appraisal in accordance with the appraisal provisions in the policy. State Farm opposed the requested appraisal. Relying on the loss settlement provisions of the sinkhole endorsement to the policy, State Farm argued that Mr. Larson was not entitled to an appraisal until he had entered into a contract for the repair of the subsurface damage to the residence. The circuit court disagreed with State Farm’s argument and granted Mr. Larson’s motion to compel an appraisal.
The appraisers selected by the parties conducted the appraisal in accordance with the provisions of the policy. After the appraisers evaluated the claim at $187,238.01,[1] State Farm filed a “motion to enforce insurance policy’s loss settlement provision.” By this motion, State Farm sought an order compelling Mr. Larson to enter into a contract for the subsurface repairs as a condition precedent to its obligation to tender payment for the subsurface repairs. It is the order resolving this motion for which State Farm seeks review by the petition for common law writ of certiorari. Mr. Larson filed a response to State Farm’s motion and a cross-motion seeking the confirmation of the appraisal award and the entry of final judgment in accordance with the appraisal.
The circuit court concluded that it could not compel Mr. Larson to enter into a contract for the subsurface repairs to the damaged residence. However, the circuit court also ruled that State Farm had no obligation to tender payment for the subsurface repairs until Mr. Larson entered into a contract for those repairs. In accordance with this ruling, the circuit court denied Mr. Larson’s cross-motion for confirmation of the appraisal award and for the entry of final judgment. Mr. Larson’s petition for certiorari followed.
II. THE STANDARD OF REVIEW
Before considering Mr. Larson’s petition and State Farm’s response, we note the applicable standard of review:
The standard by which a petition for writ of certiorari is reviewed is quite narrow. A petitioner seeking a writ of common law certiorari “must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.” Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). Elements two and three constitute a jurisdictional test, and “[i]f the jurisdie- *504 tional prongs of the standard three-part test are not fulfilled, then the petition should be dismissed rather than denied.” Id. at 649.
Rogan v. Oliver, 110 So.3d 980, 982 (Fla. 2d DCA 2013) (alteration in original).
III. FAILURE TO MEET THE JURISDICTIONAL TEST
Here, Mr. Larson argues that the subject order causes him material injury that cannot be remedied on postjudgment appeal because the order precludes him from obtaining a final, appealable order until he enters into a contract for the subsurface repairs. In Mr. Larson’s Anew, the order under review presents him with a “Catch-22.”[2] Under the order, his only avenue for collection of the balance due under the appraisal award and the entry of a judgment against State Farm is to enter into a binding contract for the subsurface repairs. But to do so compels Mr. Larson to “comply Avith the very order he challenges as being a departure from the essential requirements of law.” As Mr. Larson sees it, “[hjaving to erroneously enter into what would be a binding and enforceable repair contract constitutes the required irreparable harm which cannot be undone or corrected by a postjudgment appeal.”[3] We disagree.
Materials in the appendices suggest that Mr. Larson’s complaint includes a claim for breach of the insurance contract. If appropriate, Mr. Larson could amend his breach of contract claim to seek damages based on State Farm’s refusal to pay for the appraised cost of the subsurface repairs. Because the circuit court has determined that State Farm is not obligated to tender payment for that loss until Mr. Larson enters into a contract for the subsurface repairs, a potential final judgment would likely be adverse to Mr. Larson on that claim. Nevertheless, Mr. Larson could obtain a final, appealable order on his breach of contract claim rvithout being required to enter into a contract for subsurface repairs.
Another way of looking at the jurisdictional issue before us is to question whether State Farm’s motion was even authorized. If the motion is based on a counterclaim or a defense raised by State Farm, such a pleading is not included in the appendices. We might view State Farm’s motion as an attempt at a complaint for a declaratory judgment seeking a determination of the rights and responsibilities of the contracting parties following the completion of the appraisal. But the motion and the order ruling on the motion do not result in a final judgment or a nonfinal order subject to re-view in this court. Although we are in doubt about the issues remaining to be resolved in the trial court, the order under review would not appear to preclude either party from amending the pleadings to seek a declaratory judgment. We presume that such a judgment would be appealable. Although the resulting declaratory judgment may be adverse to Mr. Larson,[4] he would not be required to enter into a contract for the subsurface repairs to appeal that judgment.
*505 IV. CONCLUSION
For the forgoing reasons, Mr. Larson cannot demonstrate that the order under review causes him material harm that cannot be remedied on appeal. Accordingly, we are required to dismiss his petition.
Dismissed.
ALTENBERND and SLEET, JJ., Concur.

. The appraisal award was as follows: ''Dwelling-Stabilization,” $140,515; "Dwelling-Cosmetic Repairs,” $40,104.73; and "Dwelling Extension-Cosmetic Repairs,” $6618.28.

. Joseph Heller, Catch-22 (1961).

. Our record does not reflect the reason or reasons behind Mr. Larson's objection to entering into a contract for the subsurface repairs to his sinkhole-damaged residence.

.We do not reach the merits of the parties' arguments. However, the Fifth District’s recent decision in State Farm Florida Insurance Co. v. Phillips, 134 So.3d 505, 2014 WL 560853, 39 Fla. L. Weekly D361 (Fla. 5th DCA Feb. 14, 2014), addresses one of the substantive issues that the parties have argued.