WALLIS, J.
Michael Heylin (“Heylin”) appeals a final summary judgment entered in favor of Gulfstream Property and Casualty Insurance, Co. (“Gulfstream”). Heylin argues the trial court erred in interpreting a homeowners’ insurance policy as not providing personal liability coverage for a negligent supervision claim for an underlying intentional tort. Because we previously held in Premier Insurance Co. v. Adams, 632 So.2d 1054 (Fla. 5th DCA 1994), that a substantially identical sever-ability provision rendered an insurance policy ambiguous, resulting in a construction in favor of coverage for the homeowner, we reverse and remand for the trial court to enter summary judgment in favor of Heylin.[1]
Gulfstream filed a declaratory judgment action during a pending lawsuit where Heylin filed a personal injury action against Benjamin Mutters, a 17-year-old, for battery. Heylin included counts against Benjamin’s parents for negligent supervision.[2] In the declaratory judgment action, Gulfstream sought summary judgment, arguing the policy precluded personal liability coverage for all insureds *661 because the alleged battery was an intentional act. The policy contains an intentional-act exclusion, which provides, as follows:
“Bodily injury” or “property damage” which is expected or intended by an “insured” even if the resulting “bodily injury” or “property damage”:
a. Is of a different kind, quality or degree than initially expected or intended; or
b. Is sustained by a different person, entity, real or personal property, than initially expected or intended.
On appeal, Heylin argues only that the policy requires coverage for the negligent supervision because the policy is ambiguous due to the presence of a severability clause, which provides:
This insurance applies separately to each “insured”. This condition will not increase our limit of liability for any one occurrence.
The trial court granted summary judgment, holding that the Mutterses’ insurance policy did not cover the Mutterses for either count, citing without explanation to Hrynkiw v. Allstate Floridian Insurance Co., 844 So.2d 739, 740 (Fla. 5th DCA 2008).
“The standard of review governing the ruling of a trial court on a motion for summary judgment posing a pure question of law is de novo.” Wells Fargo Bank, N.A. v. Morcom, 125 So.3d 320, 321 (Fla. 5th DCA 2013) (citing Delta Fire Sprinklers, Inc. v. OneBeacon Ins. Co., 937 So.2d 695, 697 (Fla. 5th DCA 2006)). Furthermore, this court reviews a trial court’s interpretation of a contract de novo. State Farm Fla. Ins. Co. v. Phillips, 134 So.3d 505, 507 (Fla. 5th DCA 2014) (citations omitted).
In Adams, we addressed this same issue. 632 So.2d at 1055. There, a homeowners’ insurance carrier filed a declaratory judgment action after the Adamses’ son sexually abused another child. Id. This court analyzed the language of the homeowners’ insurance policy and determined the language was ambiguous. Id. Like this case, the insurance policy in Adams contained both an intentional-act exception and a severability clause. Id. at 1056. The Adams precedent controls our analysis in the case at bar.
We reject Gulfstream’s argument that Hrynkiw controls. In Hrynkiw, like Adams, this court addressed whether a homeowners’ insurance policy required an insurance carrier to defend or indemnify the policy holders or their minor son in a personal injury action after the son allegedly committed a battery by shooting. Hrynkiw, 844 So.2d at 741. Unlike Adams, however, this court in Hrynkiw held that the contract did not require the insurance carrier to defend or indemnify the policy holders because the policy contained a joint-obligations clause, which instead of providing each insured his or her own policy, “forged the various parties insured by a policy into a joint and inseparable legal entity.” Id. at 742-43 (quoting Allstate Ins. Co. v. Raynor, 143 Wash.2d 469, 21 P.3d 707, 713 (2001)). As a result, “when the conduct of one insured defeats liability protection for a given loss, the policy deprives all other insureds of liability protection for that loss, even if the loss was also proximately caused by one of those parties.” Id. (quoting Raynor, 21 P.3d at 713). The presence of the joint-obligations clause eliminates Hrynkiw from any meaningful application to the present case.
Consistent with Adams, we hold that the severability clause and the intentional-act exclusion create an ambiguity that we re *662 solve in the insureds’ favor. Adams is directly on-point and compels reversal. On remand, we direct the trial court to enter summary judgment in favor of Hey-lin on Gulfstream’s duties to defend and to provide liability coverage for the negligence count. See R & L Constr., Inc. v. Cullen, 557 So.2d 931, 982 (Fla. 5th DCA 1990) (noting that a trial court may grant summary judgment for a non-moving party if there is no genuine issue of material fact and judgment is appropriate as a matter of law).
REVERSED in part and REMANDED.
TORPY, C.J., and PALMER, J„ concur.

. Gulfstream argues that this issue is not preserved for review because Heylin did not file a transcript as part of the record on appeal. Because Heylin filed the controlling case with the trial court before the summary-judgment hearing and Gulfstream admitted in response to the motion for reconsideration that this issue was briefed, argued, and ruled upon by the trial court, we find the issue preserved for appellate review.

. Gulfstream is not a party to the underlying battery and negligence action.